IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| **MIGUEL JACKSON**, and | ) | |
| **KELVIN STEVENSON** | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: |
| | ) | |
| v. | ) | **CV612-113** |
| | ) | |
| **JOSEPH CATANZARITI,** | ) | |
| **ANDREW MCFARLANE,** | ) | |
| **JOSHUA EASON,** | ) | |
| **TIMONTHY SIMMONS,** | ) | |
| **CANDICE HILL,** | ) | |
| **RETANIA HARVEY,** | ) | |
| **CHRISTOPHER,** | ) | |
| **HENDERSON,** | ) | |
| **NATHANIEL MILTON,** | ) | |
| **SANDI WEST,** | ) | |
| **MELVIN WELLS** | ) | |
| **SHERRY RITCHIE** | ) | |
| **BRANDON CEARNEL** | ) | |
| **CAROLYN CARROL** | ) | |
| **JOSEPH POWELL** | ) | |
| **DERIUS ATTICAL** | ) | |
| **SHELDON DELOACH** | ) | |
| **DARRYL DAVIS** | ) | |
| **BENJAMIN ASHLEY** | ) | |
| **JOYCE CARVER** | ) | |
| **SHARON FRASIER** | ) | |
| **TAMMY WATKINS** | ) | |
| **LINDA BASS** | ) | |
| **ELIZABETH HAIRE** | ) | |
| **JEFFERY MULLIS** | ) | |
| **JARROD BENNETT** | ) | |
| **JOSEPH WHITE** | ) | |

1

| | |
|---|---|
| **GORDON PITTMAN** | ) |
| **GENE TTOOTLE** | ) |
| **JUSTIN SWOPE** | ) |
| **GARY MITCHELL** | ) |
| **JOHN JONES** | ) |
| **MICHAEL DELOACH** | ) |
| **MARY ROACH** | ) |
| **JALEESA MILLER** | ) |
| **CALEB HARRSION** | ) |
| **RODERCIK CLAYTON** | ) |
| **BRANDI JOSPEH** | ) |
| **KIM HARDEE** | ) |
| **CRYSTAL DOTSON** | ) |
| correctional officers and supervisors, | ) |
| Smith State Prison, in their | ) |
| individual and supervisory capacities | ) |
| | ) |
| Defendants. | ) |

**JURY TRIAL DEMANDED**

## ORIGINAL COMPLAINT

The Plaintiffs ("Mr. Jackson" and "Mr. Stevenson") by and through their

attorney of record file this Complaint for all permissible damages, by using 42

U.S.C. §§ 1983 and 1988 as the vehicle to vindicate the violation of their Eighth

Amendment rights under the United States Constitution, because Defendants

deprived Mr. Jackson and Mr. Stevenson of their constitutional right to be free

from cruel and unusual punishment. To support his Complaint, Mr. Jackson and

Mr. Stevenson allege the following:

## PRELIMINARY STATEMENT

This case underscores why both the Supreme Court of the United States and the Eleventh Circuit Court of Appeals agree that "[i]n its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners ... [because] ...[b]eing violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Matthews v. Crosby 480 F. 3d 1265, 1270 (11th Cir.2007) (citing Farmer v. Brennan 511 U.S. 825, 114 S. Ct. [1970]).

For no other purpose than to cause severe physical injury and punish Mr. Jackson and Mr. Stevenson, Defendants beat Plaintiffs with a hammer and flash light, and baton, while they were non-resisting, compliant/handcuffed, evidenced by a video and witness testimony. Using batons, flashlight handles, and at least one hammer, on non-resisting inmates was not necessary to restore order under the objective evidence of this case. Also, at the time Defendants used cruel and unusual force, they did not temper their use of severe force, despite the fact that Plaintiffs posed no reasonable threat to their safety, evidenced by many Defendants **casually standing around** while Mr. Stevenson got beat into an inch of his life, with a hammer, flashlight, baton, fist and feet, while he was non-resisting and handcuffed, **and on the ground**, with a 300 pound man lying on top him—Mr.

3

Stevenson is a small man who weighs approximately 158 pounds. (See Ex. 1, video conventionally filed with this Court.)

Defendants are going to argue they were trying to restore order. But, that is not what the video evidence (and lack thereof) demonstrates. The video evidence demonstrates a **deliberate** failure to completely capture the inmate beatings that were taking place right in front of the person operating the video—in fact, the officer operating one of the video cameras yells out "oh shit, what is that Milton[?] has over there in his hands.. that a dam hammer." But, conspicuously, the video camera is never aimed toward the officer with a hammer in his hands. However, the video camera does capture Defendants clearly beating Mr. Stevenson while he is on the ground, non-resisting, handcuffed, with a near 300 pound prison guard on top of him, while Defendant Catazariti beat him with a hammer/object.

The video evidence (or lack thereof) also shows a failure to follow established policy and procedure of videotaping Mr. Jackson and Mr. Stevenson (inmates involved in an use of force incident) being escorted to medical—notably witness testimony demonstrates that plaintiffs were beaten **more** on that unrecorded, escorted trip. Lastly, video evidence demonstrates that Defendants **spoliated** video footage of the incident, evidenced by the fact that a wide angle dorm (not hand held) camera view existed, which should have captured the entire

4

incident, but once the beatings began, the best wide angle view of the dormitory, disappeared.

## JURISDICTION

1.

Jurisdiction is proper and based upon 28 U.S.C. §§ 1331, 1332, and 1343.

## VENUE

2.

Venue is proper and based upon 28 U.S.C. § 1391. The events or omissions giving rise to Plaintiffs' claims occurred in this District.

## PARTIES

**A.    Mr. Jackson**

3.

At all times relevant to this Complaint, Mr. Jackson was a citizen of the United States, residing in Tattnall County, Georgia. Mr. Jackson submits to the jurisdiction and venue of this Court; thus he files this action under federal law for all general, special, compensatory, punitive, and any other permissible damages. Also, Mr. Jackson has complied with all requisites to file this suit.

**B.    Mr. Stevenson**

4.

At all times relevant to this Complaint, Mr. Stevenson was a citizen of the United States, residing in Tattnall County, Georgia. Mr. Stevenson submits to the jurisdiction and venue of this Court; thus he files this action under federal law for all general, special, compensatory, punitive, and any other permissible damages. Also, Mr. Stevenson has complied with all requisites to file this suit.

**C.    Defendants**

5.

Defendant **Joseph Catanzariti** was at all times relevant to this action employed by the Georgia Department of Corrections ("GDC") and a sergeant at Smith State Prison. Sergeant Catazariti admits that (1) he possessed a hammer and flashlight and screwdriver while present on the second floor of the subject dorm where Mr. Jackson and Mr. Stevenson were present, regarding the subject incident. Witness testimony demonstrates Sergeant Catazariti struck Mr. Stevenson multiple times with a hammer and flashlight, while **Mr. Stevenson** was on the ground, handcuffed/non-resisting. Witness testimony also supports the allegation that Sergeant Catazariti struck Mr. Jackson with a hammer/flash light several times while **Mr. Jackson** was being escorted outside the subject dormitory with handcuffs on his hands and non-resisting. Sergeant Catazariti incited, directed, and

6

ratified the unconstitutional beating of Mr. Stevenson and Mr. Jackson, and also

failed to take reasonable steps to protect Mr. Jackson and Mr. Stevenson from cruel

and unusual punishment (excessive force) inflicted by other Defendants.

Consequently, Sergeant Catazariti  is being sued in his individual and supervisory

capacity and may be served at 9676 HWY 301 North, Glennville, GA 30427.

6.

Defendant Lieutenant **Andrew McFarlane** was at all times relevant to this

action employed by the Georgia Department of Corrections ("GDC") and a

Lieutenant at Smith State Prison. Lt. McFarlane admits that (1) he was present on

the second floor of the subject dorm where Mr. Jackson and Mr. Stevenson were

present, regarding the subject incident. Witness testimony demonstrates that Lt.

McFarlane struck Mr. Stevenson multiple times, while **Mr. Stevenson** was on the

ground, handcuffed/non-resisting. Witness testimony also supports the allegation

that Lt. Mcfarlane struck **Mr. Jackson** with a baton several times while **Mr.**

**Jackson** was being escorted outside the subject dormitory with handcuffs on his

hands and non-resisting. Lt. Mcfarlane incited, directed, and ratified the

unconstitutional beating of both Mr. Stevenson and Mr. Jackson, and also failed to

take reasonable steps to protect Mr. Jackson and Mr. Stevenson from cruel and

unusual punishment (excessive force) inflicted by other Defendants. Consequently,

7

Lt. Mcfarlane is being sued in his individual and supervisory capacity and may be served at 9676 HWY 301 North, Glennville, GA 30427.

7.

Defendant Sergeant **Joshua Eason** was at all times relevant to this action employed by the Georgia Department of Corrections ("GDC") and a Sergeant at Smith State Prison. Sergeant Eason was present on the second floor of the subject dorm where Mr. Jackson and Mr. Stevenson were present, regarding the subject incident. Sergeant Eason struck Mr. Stevenson multiple times, while **Mr. Stevenson** was on the ground, handcuffed/non-resisting. Witness testimony also supports the allegation that Sergeant Eason struck **Mr. Jackson** with a baton several times while **Mr. Jackson** was being escorted outside the subject dormitory with handcuffs on his hands and non-resisting. Sergeant Joshua Eason incited, directed, and ratified the unconstitutional beating of both Mr. Stevenson and Mr. Jackson, and also failed to take reasonable steps to protect Mr. Jackson and Mr. Stevenson from cruel and unusual punishment (excessive force) inflicted by other Defendants. Consequently, Sergeant Joshua Eason is being sued in his individual and supervisory capacity and may be served at 9676 HWY 301 North, Glennville, GA 30427.

8.

Defendant **Timonthy Simmons** was at all times relevant to this action employed by the Georgia Department of Corrections ("GDC") and an officer at Smith State Prison. Officer Simmons was present on the second floor of the subject dorm where Mr. Jackson and Mr. Stevenson were present, regarding the subject incident. Officer Simmons struck Mr. Stevenson multiple times, while **Mr. Stevenson** was on the ground, handcuffed/non-resisting. Witness testimony also supports the allegation that Officer Simmons struck **Mr. Jackson** several times while **Mr. Jackson** was being escorted outside the subject dormitory with handcuffs on his hands and non-resisting. Officer Simmons incited, directed, and ratified the unconstitutional beating of both Mr. Stevenson and Mr. Jackson, and also  failed to take reasonable steps to protect Mr. Jackson and Mr. Stevenson from cruel and unusual punishment (excessive force) inflicted by other Defendants. Consequently, Officer Simmons is being sued in his individual capacity and may be served at 9676 HWY 301 North, Glennville, GA 30427.

9.

Defendant **Nathaniel Milton** was at all times relevant to this action employed by the Georgia Department of Corrections ("GDC") and an officer at Smith State Prison. Defendant Milton was present on the second floor of the subject dorm where Mr. Jackson and Mr. Stevenson were present, regarding the

9

subject incident. Defendant Milton is identified as a person with a hammer in his

hand by one of the officers who was video recording the subject incident.

Defendant Milton struck Mr. Stevenson multiple times, while **Mr. Stevenson** was

on the ground, handcuffed/non-resisting. Officer Milton struck **Mr. Jackson**

several times while **Mr. Jackson** was being escorted outside the dormitory with

handcuffs on his hands and non-resisting. Defendant Milton incited, directed, and

ratified the unconstitutional beating of both Mr. Stevenson and Mr. Jackson, and

also  failed to take reasonable steps to protect Mr. Jackson and Mr. Stevenson from

cruel and unusual punishment (excessive force) inflicted by other Defendants.

Consequently, Defendant Milton is being sued in his individual capacity and may

be served at 9676 HWY 301 North, Glennville, GA 30427.

10.

Defendant **Christopher Henderson** was at all times relevant to this action

employed by the Georgia Department of Corrections ("GDC") and an officer at

Smith State Prison. Defendant Henderson was present on the second floor of the

subject dorm where Mr. Jackson and Mr. Stevenson were present, regarding the

subject incident. Defendant Henderson struck Mr. Stevenson multiple times, while

**Mr. Stevenson** was on the ground, handcuffed/non-resisting. Defendant

Henderson struck **Mr. Jackson** several times while **Mr. Jackson** was non-

resisting and while Mr. Jackson was being escorted outside the dormitory with

10

handcuffs on his hands and non-resisting. Defendant Henderson incited, directed, and ratified the unconstitutional beating of both Mr. Stevenson and Mr. Jackson, and also failed to take reasonable steps to protect Mr. Jackson and Mr. Stevenson from cruel and unusual punishment (excessive force) inflicted by other Defendants. Consequently, Defendant Henderson is being sued in his individual capacity and may be served at 9676 HWY 301 North, Glennville, GA 30427.

11.

Defendant Sheldon Deloach was at all times relevant to this action employed by the Georgia Department of Corrections ("GDC") and an officer at Smith State Prison. Defendant Deloach was present on the second floor of the subject dorm where Mr. Jackson and Mr. Stevenson were present, regarding the subject incident. Defendant Delaoch struck Mr. Stevenson, while **Mr. Stevenson** was on the ground, handcuffed/non-resisting. Defendant Deloach struck **Mr. Jackson** several times while **Mr. Jackson** was non-resisting and while Mr. Jackson was being escorted outside the dormitory with handcuffs on his hands and non-resisting. Defendant Delaoch incited, directed, and ratified the unconstitutional beating of both Mr. Stevenson and Mr. Jackson, and also failed to take reasonable steps to protect Mr. Jackson and Mr. Stevenson from cruel and unusual punishment (excessive force) inflicted by other Defendants. Consequently, Defendant Delaoch

11

is being sued in his individual capacity and may be served at 9676 HWY 301
North, Glennville, GA 30427.

12.

Defendants Candice Hill, Retania Harvey, Sandi West, Melvin Wells ,
Sherry Ritchie , Brandon Cearnel, Carolyn Carrol , Joseph Powell , Derius Attical,
Darryl Davis , Benjamin Ashley, Joyce Carver , Sharon Frasier, Tammy Watkins,
Linda Bass, Elizabeth Haire, Jeffery Mullis, Jarrod Bennett, Joseph White ,
Gordon Pittman, Gene Tootle, Justin Swope, Gary Mitchell , John Jones, Michael
Deloach, Mary Roach, Jaleesa Miller , Caleb Harrsion , Roderick Clayton, Brandi
Joseph, Kim Hardee, Crystal Dotson **were all named** on government records as
officers involved in the incident. (See Ex. 2., for incident report naming all
Defendants to this action as "staff involved.") See e.g., Johnson v. Jones, 515 U.S.
304 (1995) (evidence that officers were present, nearby when plaintiff was beaten
was sufficient to deny qualified immunity on sufficiency of evidence grounds).
These Defendants saw Mr. Stevenson being beaten and failed to take reasonable
steps to prevent the beating of Mr. Stevenson, who was being beaten while non-
resisting, on the ground, and handcuffed, with a 300 pound man sitting on him
(Mr. Stevenson is a small man who weighs approximately 158 pounds). These
Defendants saw Mr. Jackson being beaten while he was handcuffed and non-
resisting and failed to take reasonable steps to stop that beating. These Defendants

12

(except Hall and Harvey) also beat Mr. Jackson and Mr. Stevenson. Consequently, these Defendants are being sued in their individual capacity and may be served at 9676 HWY 301 North, Glennville, GA 30427. Plaintiffs are going to file an **emergency motion**, requesting this Court permit pre-rule 26 discovery to order the Department of Corrections to provide the names of Defendants who have been otherwise identified with video evidence. Counsel attempted to work with the DOC and the Attorney general's Officer to avoid burdening this Court, to no avail. (See Ex. 3, for communication to DOC and the Attorney General's office, attempting to avoid unnecessary motions.)

## RELEVANT FACTS

When prisoners plead facts sufficient to infer that they were maliciously and sadistically beaten by prison officials, those officials are not entitled to qualified immunity. See <u>McReynolds v. Alabama Dept. of Youth Services</u>, 204 Fed Appx. 819 (11th Cir. 2006).

13.

On December 31, 2010, Smith State Prison officials performed a "shake down" of the dormitory that housed Mr. Jackson and Mr. Stevenson.

14.

During the shake down, Defendant Catazariti, while on the second floor of the subject dormitory, has admitted he possessed a hammer, flash light, and screw driver.

15.

Smith State Prison officials initially claimed, after the beatings, to have found a "green leafy substance" in Mr. Jackson's cell room, which he shared with another inmate. But later, the disciplinary report written against Mr. Jackson for allegedly possessing an alleged drug/narcotic was **dismissed**.

16.

Defendant Catazariti approached Mr. Jackson and after the two exchanged words, Catazariti struck Jackson and then lifted Jackson up, with the help of other Defendants (except Hill and Harvey), as if he were going to throw him over the second floor rail. Defendants then placed Mr. Jackson in handcuffs.

17.

Defendant Catazariti, according to witness testimony, repeatedly struck Mr. Stevenson with a hammer while Mr. Stevenson was non-resisting, and handcuffed, on the ground, with 300 pound officer sitting on him.

18.

While Mr. Stevenson was non-resisting, and handcuffed, on the ground with 300 pound officer sitting on him, Defendant, except Defendants Hill and Harvey, struck Mr. Stevenson with their feet and fist, assisting Defendant Catazariti in a malicious, cruel, and sadistic attack on Mr. Stevenson's physical integrity. (See Ex. 2, Altered slow motion video, noting that every time officers began to beat Mr. Stevenson, the video angle went to the ceiling or somewhere else. Nevertheless you can see the near 300 pound man sitting on Mr. Stevenson as Defendant Catazariti pounds Mr. Stevenson with a hammer and other break in to inflict more punishment on Mr. Stevenson.)

19.

Video evidence and witness testimony demonstrate that Defendant Catazariti repeatedly struck Mr. Jackson in the face with an object (what appears to be the back end of a flash light or hammer), while Mr. Jackson was clearly non-resisting and handcuffed.

20.

Defendants (except Hill and Harvey) escorted Mr. Jackson and Mr. Stevenson outside the subject dormitory.

21.

Once Mr. Jackson was taken outside the subject dormitory, Defendants (except Hill and Harvey) threw Mr. Jackson to the nearby fence and began beating him while he was handcuffed and non-resisting.

22.

While outside the subject dormitory, according to witness testimony, Defendant Catazariti hit Mr. Jackson in the face with a hammer repeatedly, while another Defendant (except Hill and Harvey) beat him with a night stick.

23.

Defendants violated their own standard operating procedures by failing to record themselves escorting Mr. Jackson and Mr. Stevenson to medical.

24.

Defendants knew Defendant Catazariti was striking Mr. Stevenson with a hammer or other object, while Mr. Stevenson was non-resisting, yet, failed to take reasonable measures to stop that beating.

25.

Defendants (except Hill and Harvey) knew Defendant Catazariti and other Defendants were striking Mr. Jackson outside the subject dormitory while he was handcuffed and non-resisting, yet, failed to take reasonable measures to stop that beating.

26.

While Mr. Stevenson was in the medical room waiting, Defendants (except Hill and Harvey), punched him in the face with hand cuffs, and Defendants stole his watch, laughing at him while twirling the watch around their fingers and trying it on for size.

27.

While in the medical room, Defendant Catazariti threatened Mr. Jackson's life if he mentioned the beating he received on the way to medical and punched him a few more times, while Mr. Jackson was handcuffed and non-resisting.

28.

Records demonstrate that Mr. Stevenson was diagnosed with head injury, concussion, broken mandible, numerous lacerations, broken nose, swelling and periorbital facial tissue swelling, and trauma to his ear canal, along with nerve damage to his face—all caused by the beating he took from Defendant Catazariti and other Defendants (except Hill and Harvey). Given those injuries, Warden Dannie Thompson failed to ensure that Mr. Stevenson got his jaw wired, or nose fixed. Instead, in a heinous and callous act of deliberate indifference, Warden Dannie Thompson, knowing Mr. Stevenson needed, at minimal, medical attention to fix his nose and jaw, transferred Mr. Stevenson to the Special Management Unit in Jackson, Georgia (24 hour lockdown) where he sat for nearly a month with a

broken jaw, despite the pleas of his attorney. (See Ex. 4.) He also now suffers from memory loss and frequent, severe migraines.

29.

Records demonstrate that Mr. Jackson suffered head injury, broken nose, fracture teeth, multiple lacerations to the face, contusions, periorbital endema around his eyes, and trauma to his ear canal. Given those injuries, Warden Dannie Thompson failed to ensure that Mr. Jackson got his nose, or fractured teeth, fixed. Instead, in a heinous and callous act of deliberate indifference, Warden Dannie Thompson, knowing Mr. Stevenson needed, at minimal, medical attention to fix his nose and teeth, transferred Mr. Jackson to the Special Management Unit in Jackson, Georgia (24 hour lockdown) where he sat for months with a broken nose, and fractured teeth, despite the pleas of his attorney. (See Ex. 5.) Mr. Jackson also now suffers memory loss and frequent severe migraines.

30.

The Department of Correction brought untimely charges against the plaintiffs for alleged assault but notably failed to provide the District Attorney with a video until Mr. Stevenson criminal attorney requested the video from the DA and both attorneys realized the Department of Corrections never provided the video. That is of no wonder, given what this Court may witness on the segmented version

18

provided by plaintiffs. (Ex. 1.) There is more unconstitutional conduct on the subject videos.

## COUNT I

## 42 U.S.C. § 1983 CLAIM FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT
*(Against All Defendants Except Hill and Harvey)*

31.

Plaintiffs re-alleges in this Count, as if stated verbatim, all factual allegations in ¶¶ 5-30, and any other paragraph this Court deems applicable.

32.

The incorporated facts and allegations demonstrate that Defendants beat Mr. Jackson and Mr. Stevenson while they were non-resisting, and handcuffed. The Defendants use of force was therefore not reasonably calculated to restore order, and in any event, went well beyond the force necessary to restore order. (See, for example, Ex. 1, demonstrating a complete absence of urgency on the part of Defendants, who stood around and watched a brutal beating of Mr. Stevenson, then, joined in as the video camera coincidently angled towards the walls and floor.) Defendants beat Mr. Jackson and Mr. Stevenson while acting under the color of state law, and violated Plaintiff's clearly established rights under the Eighth and Fourteenth Amendments to the United States Constitution by using

malicious, sadistic and otherwise inhumane force against Plaintiffs. <u>Matthews</u>

supra; See also, <u>Hudson v. McMillan</u>, 503 U.S. 1, 7 (1992).

33.

Defendants acted with a deliberate, malicious and retaliatory purpose

(intent) to inflict harm to Mr. Jackson and Mr. Stevenson. The force used by

Defendant was more than de minimis force, and the physical injuries caused are

severe.

34.

Defendants' sadistic conduct directly and proximately caused Plaintiffs to

suffer significant physical and emotional injuries in an amount to be proven at trial.

35.

Defendants' conduct evidenced a disdainful, shameless disregard for

Plaintiffs' constitutional right to be free from cruel and unusual punishment.

Consequently, Plaintiffs are entitled to all permissible damages, including punitive

damages. Punitive damages are necessary to deter future Eighth Amendment

excessive force violations at this institution.

20

## COUNT II

### SUPERVISORY LIABILTY
*(Against Defendants* Catazariti, *McFarland, and Eason)*

"Supervisory liability under 42 U.S.C. § 1983 occurs when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." Matthews supra, at 1269- 70.

### 36.

Plaintiffs re-allege in this Count, as if fully stated verbatim, all factual allegations set forth in ¶¶ 5-7, 14, 16-22, and 24-29, and any other paragraph that this Court deems applicable.

### 37.

The fact and allegations incorporated in this paragraph indicate that Defendant named in this County supervised and ratified the beating of Mr. Jackson and Mr. Stevenson by (1) directly participating in the beating and by (2) failing to take reasonable steps to immediately stop other Defendants under their supervision from beating Mr. Jackson and Mr. Stevenson, while in Defendants Catazariti, McFarland, and Eason's presence.  Consequently, Defendants Catazariti, McFarland, and Eason directly and proximately caused Plaintiffs to suffer severe physical and emotional injury.

21

38.

Defendants Catazariti, McFarland, and Eason had the authority, by virtue of their position as either sergeant or lieutenant, to stop other Defendants (not including Hall and Harvey) from beating Mr. Jackson and Mr. Stevenson while they were non-resisting and complaint. Nevertheless Defendants Catazariti, McFarland, and Eason failed to use their authority to stop unconstitutional beating that took place in their presence.

39.

The unconstitutional conduct of Defendants Catazariti, McFarland, and Eason's in relation to Plaintiff's physical and emotional injuries entitles Plaintiff to all permissible damages, including punitive damages.

## COUNT III

### FAILURE TO TAKE REASONABLE STEPS TO STOP AN UNCONSTITUTIONAL BEATING
(*Against All Defendants*)
40.

Plaintiffs re-allege in this Count, as if stated verbatim, all factual allegations in ¶¶ 5-30, and any other paragraph this Court deems applicable.

41.

The facts, witness testimony, and allegations incorporated in this count demonstrate that Defendants violated the clearly established constitutional rights of Plaintiffs, by failing to take reasonable steps to stop Mr. Jackson and Mr.

Stevenson—who were at all relevant times compliant, non-resisting/handcuffed—from suffering an unconstitutional beating that Defendants witnessed and had reasonable means and opportunity to prevent. As a result, Plaintiffs are permitted to recover all allowable damages under law.

## CONCLUSION

Defendants may argue that the filed video represents an attempt to restore order rather than a gross, punitive beating. That argument is wrong. The video evidence and witness testimony demonstrate that a discovery should be permitted.

Plaintiffs now pray that this Court do the following:

1. Assume jurisdiction over this action;

2. Declare that the acts and omissions described in this Complaint violated Plaintiffs' rights under the U.S. Constitution and laws of the United States;

3. Permit a jury to decide all issues of fact that this Court does not decide as a matter of law;

4. Enter Judgment in favor of Plaintiffs- for all permissible damages under law, including compensatory and punitive damages- against each defendant jointly and severally;

23

5. Award Plaintiffs all permissible cost under law regarding this

lawsuit, including reasonable attorney fees and expenses

pursuant to 42 U.S.C. § 1988(b) & (c); and

6. Order any additional relief that this Court deems appropriate.

Respectfully submitted this 10th day of December 2012,

> s/ MARIO WILLIAMS
> Mario Williams
> GA Bar No. 235254

WILLIAMS OINONEN, LLC
The Grant Building
44 Broad Street, NW
Suite 200
Atlanta, GA 30303
Tel:   404-654-0288
Fax:   404-592-6225