
PLAINTIFF'S EXHIBIT 5

# WILLIAMS OINONEN LLC

THE GRANT BUILDING, SUITE 200
44 BROAD STREET, NW
ATLANTA, GA 30303
TEL.: (404) 654-0288
FAX: (404) 592-6225

January 9, 2011

**SENT VIA FACSIMILE**
Georgia Diagnostic and Classification Prison
Attn: Warden Carl Humphrey
HWY 36 West
Jackson, GA 30233

Re:    Miguel Antonio Jackson ("Mr. Jackson")

Dear Warden Humphrey:

I hope things are going well for you.

As you know, I spoke with you on January 7, 2010 (two days ago) about Miguel Jackson's health situation, and I left that conversation under the impression that a physician would examine Mr. Jackson. Upon information and belief, no physician (doctor) has spoken with Miguel, despite the fact that Miguel has told attending nurses that he is experiencing severe, continual headaches, loss of memory and other debilitating effects due to blunt force head trauma he received at the hands of Smith State Prison guards. My understanding is that Mr. Jackson's complaints have been documented. in writing.

Notably, when Mr. Jackson complained recently to one of your facility's nurses, your nurse told him that a physician at Smith State Prison had already released Mr. Jackson from the infirmary, implying that somehow that a physician has already determined that Mr. Jackson does not need to be placed back into the infirmary. That makes absolutely no sense, because Smith State Prison had to release Mr. Jackson in order that Mr. Jackson be transferred to Georgia Diagnostic. That release was in no manner stating or implying that Mr. Jackson does not need to be in your infirmary under observation.

Furthermore, upon information and belief, your nurse decided to give Mr. Jackson a non-scientific assessment of Mr. Jackson's medical condition by stating that Mr. Jackson seemed okay because he seemed to be walking "ok" when he went to visitation on Saturday, January 8 2010. That's unacceptable, and unprofessional.

1

I know you feel that being placed under medical supervision is a physician's decision. <u>But if no physician ever examines Mr. Jackson, then, no decision can be made as to whether he needs to be in the infirmary or not</u>.

Consequently, this letter places your facility on notice that under the facts and circumstances of Mr. Jackson's case, not allowing a physician to examine Mr. Jackson is tantamount to a **deliberate indifference** to Mr. Jackson's medical condition. Over the past three (3) days Mr. Jackson has documented his numerous request for a physician because of his numerous ailments, which logically would require a physician's assessment. Despite that, Georgia Diagnostic has failed to take the most basic medical precaution of allowing Mr. Jackson to see an actual doctor.

If Mr. Jackson's medical condition worsens, without ever having at least seen a competent doctor, Georgia Diagnostic will be subject to a civil claim for deliberately ignoring Mr. Jackson's repeated request to see a physician (not your nurse).

I called you personally in an attempt to resolve this matter amicably, thinking that, given the circumstances, your facility would at least allow Mr. Jackson to see a doctor.

Govern your conduct accordingly.

Fell free to call me, anytime.

Sincerely,

Mario Williams

P.S. If Mr. Jackson would like to ensure that nurses are accurately reporting his medically related complaints, he is **entitled** to verify that what he is stating to your nurses is indeed being dictated accurately. Mr. Jackson's health is at issue, and thus he has every right to ensure the accuracy of what he is stating. Please advise your nurses that they have **no right** to disallow Mr. Jackson to verify **his own medical records** to ensure their accuracy.

cc. Mark Guzzi (General Counsel for DOC)

2

# WILLIAMS OINONEN, LLC

THE GRANT BUILDING, SUITE 200
44 BROAD STREET, NW
ATLANTA, GA 30303
TEL.: (404) 654-0288
FAX: (404) 592-6225

January 27, 2011

**<u>SENT VIA FACSIMILE</u>**
Department of Corrections
Attn: Dr. Sharon Lewis
300 Patrol Road
Forsyth, GA 31029

        Re:    <u>Untreated Serious/Urgent Medical Condition</u>

Dear Dr. Lewis:

I am writing you in hopes that you may correct a serious medical-service problem regarding Miguel Jackson GDC # 0000820692 ("Mr. Jackson").

On or about December 31, 2010, prison guards at Smith State Prison assaulted and battered my client, leaving them with severe, medical injuries. (See enclosures for copies of medical records.) These severe injuries are injuries in fact, irrespective of whether the guard's actions were justified or not.

As Statewide Medical Director, you are the "ultimate decision maker regarding standard of care" and possess "final authority regarding clinical decisions for individual patients." GDC SOP VH15-0002 and GDC SOP VH02-0001. As such, I would like to address the current and complete failure of the GDC to adequately address the serious medical needs of my client, Mr. Jackson.

Amongst other injuries, Mr. Stevenson received documented severe, blunt force trauma to his head. As a result Mr. Jackson suffers from blood in his ear canal, amongst other problems. As you know, this is a serious issue. Despite that fact, weeks have past without Mr. Jackson visiting an ear specialist, although over a week ago a physician at Georgia Diagnostic confirmed that, indeed, Mr. Jackson does need to see said specialist.

I hope that the consummate failure to provide Mr. Jackson with the medical care that GDC admits he urgently needs is not the standard of care envisioned by GDC. Mr. Jackson's condition continues to worsen. He complains of sever headaches and ear pain, medical conditions that he did not suffer from before his recent injuries.

I know you are very busy. But I also know that GDC rules do not stand for an inmate being told he needs to see a specialist and then weeks going by without said inmate receiving the emergency/urgent medical treatment he needs. At this point, one must

2

wonder if Mr. Jackson is **being punished** because of the incident at Smith State Prison. At the very least, GDC's conduct is tantamount to a deliberate indifference to a pressing medical need that GDC knows Mr. Jackson has.

<u>Failure to respond to this letter in writing (within a reasonable time), or take immediate action to help Mr. Jackson, will be taken as an admission by silence that GDC understands that a serious medical problem exist and has chosen not to respond to that problem.</u>

If Mr. Jackson has seen a specialist by the date of this letter, then please excuse this letter.

Thanks for your consideration of this matter. Please feel free to contact me.

Sincerely,

Mario Williams

3

# WILLIAMS OINONEN, LLC

THE GRANT BUILDING, SUITE 200
44 BROAD STREET, NW
ATLANTA, GA 30303
TEL.: (404) 654-0288
FAX: (404) 592-6225

January 31, 2011

**_SENT VIA FACSIMILE_**
Department of Corrections
Attn: Mark Guzzi
300 Patrol Road
Forsyth, GA 31029

        Re:    Untreated Serious/Urgent Medical Condition

Dear Mr. Guzzi:

I am writing to you because I just spoke to DOC's Office of Health Services and was told that your office is reviewing the enclosed letter that I sent to Dr. Sharon Lewis regarding the serious, untreated medical condition of my client, Miguel Jackson ("Mr. Jackson").

I spoke to Mr. Jackson today (January 31, 2011) and he told me he still has not seen a ear specialist and that he is in **serious pain regarding his ears and his head.**

As you know, on or about December 31, 2010, prison guards at Smith State Prison assaulted and battered my client, leaving him with severe, medical injuries. These severe injuries are injuries in fact, irrespective of whether the guard's actions were justified or not.

Please recommend that Mr. Jackson see an ear, throat, and nose specialist immediately, given the fact that weeks have passed since DOC's contracted physician has stated that Mr. Jackson must see said specialist. Even a cursory review of Mr. Jackson's medical records on or after December 31, 2010 demonstrates that he must see said specialists for his good health.

Also, please confirm with me, in writing, DOC's position on this issue: whether or not Mr. Jackson must see a specialist immediately since DOC's contracted physician told him weeks ago that Mr. Jackson needs to see a specialist due to blood in his ears caused by blunt force trauma to Mr. Jackson's head. In the event that you state that only a physician may make that call: please have Dr. Sharon Lewis opine on this situation, and also understand that a physician **has already** stated that my client needs to see a ear specialist.

Failure to respond to this letter in writing (within a reasonable time), or take immediate action to help Mr. Jackson, will be taken as an admission by silence that GDC

2

<u>understands that a serious medical problem exist and has chosen not to respond to that problem</u>.

Thanks for your consideration of this matter. Please feel free to contact me.

Sincerely,

Mario Williams