IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| **MIGUEL JACKSON**, and | ) |
| **KELVIN STEVENSON** | ) |
| | ) |
| | ) |
| Plaintiff, | ) CAFN: 6:12-cv-113-BAE-JEG |
| | ) |
| v. | ) |
| | ) |
| **JOSEPH CATANZARITI,** | ) |
| **ANDREW MCFARLANE,** | ) |
| **JOSHUA EASON,** | ) |
| **TIMOTHY SIMMONS,** | ) |
| **CANDICE HILL,** | ) |
| **RETANIA HARVEY,** | ) |
| **CHRISTOPHER HENDERSON,** | ) |
| **NATHANIEL MILTON,** | ) |
| **SANDI WEST,** | ) |
| **MELVIN WELLS** | ) |
| **SHERRY RITCHIE** | ) |
| **BRANDON CEARNEL** | ) |
| **CAROLYN CARROL** | ) |
| **JOSEPH POWELL** | ) |
| **DERIUS ATTICAL** | ) |
| **SHELDON DELOACH** | ) |
| **DARRYL DAVIS** | ) |
| **BENJAMIN ASHLEY** | ) |
| **JOYCE CARVER** | ) |
| **SHARON FRASIER** | ) |
| **TAMMY WATKINS** | ) |
| **LINDA BASS** | ) |
| **ELIZABETH HAIRE** | ) |
| **JEFFERY MULLIS** | ) |
| **JARROD BENNETT** | ) |
| **JOSEPH WHITE** | ) |
| **GORDON PITTMAN** | ) |

1

**GENE TTOOTLE**                          )
**JUSTIN SWOPE**                          )
**GARY MITCHELL**                         )
**JOHN JONES**                            )
**MICHAEL DELOACH**                       )
**MARY ROACH**                            )
**JALEESA MILLER**                        )
**CALEB HARRSION**                        )
**RODERCIK CLAYTON**                      )
**BRANDI JOSPEH**                         )
**KIM HARDEE**                            )
**CRYSTAL DOTSON**                        )
correctional officers and supervisors,   )
Smith State Prison, in their             )
individual and supervisory capacities    )
                                         )
　　　　Defendants.                        )        <u>**JURY TRIAL DEMANDED**</u>

### <u>PLAINTIFFS' FIRST AMENDED COMPLAINT</u>

The Plaintiffs ("Mr. Jackson" and "Mr. Stevenson") by and through their attorney of record file this First Amended Complaint as a matter of law under <u>Fed. R. Civ. P</u> 15(a)(1)(b). Plaintiffs seek all permissible damages, by using  42 U.S.C. §§ 1983 and 1988 as the vehicle to vindicate the violation of their Eighth Amendment rights under the United States Constitution, because Defendants deprived Mr. Jackson and Mr. Stevenson of their constitutional right to be free from cruel and unusual punishment. To support their Complaint, Mr. Jackson and Mr. Stevenson allege the following:

## <u>INTRODUCTION</u>

Video evidence and testimony demonstrate that Defendants (Except Hill and Harvey) beat Plaintiffs with a hammer and flash light, and baton, while they were non-resisting, compliant/handcuffed, evidenced by a video and witness testimony. Using batons, flashlight handles, and at least one hammer, on  non-resisting inmates was not necessary to restore order. Also, at the time Defendants used cruel and unusual force, they did not temper their use of severe force, despite the fact that Plaintiffs posed no reasonable threat to their safety, evidenced by video evidence which shows Defendants **casually standing around** while Mr. Stevenson got beat into an inch of his life, with a hammer, flashlight, baton, fist and feet, while he was non-resisting and handcuffed, **and on the ground**, with a 300 pound man lying on top him—Mr. Stevenson is a small man.

Video evidence demonstrates a **deliberate** failure to completely capture the inmate beatings that were taking place right in front of the person operating the video—in fact, the officer operating one of the video cameras yells out "oh shit, what is that Milton[?] has over there in his hands… that a dam hammer." But, conspicuously,  the video camera is never aimed toward the officer with a hammer in his hands. However, the video camera does capture Defendants clearly beating Mr. Stevenson while he is on the ground, non-resisting/handcuffed, with a near 300 pound prison guard on top of him, while Defendant Catanzariti beat him with a

hammer/object. The video evidence also captures Defendants whack Mr. Jackson in the face while he is clearly handcuffed and non-resisting.

Video evidence (or lack thereof) also demonstrates a failure to follow established policy and procedure of video-taping Mr. Jackson and Mr. Stevenson (inmates involved in an use of force incident) being escorted to medical—notably witness testimony demonstrates that Defendants beat plaintiffs **more** on that unrecorded, escorted trip. Lastly, video evidence demonstrates that Defendants **spoliated** video footage of the incident, evidenced by the fact that a wide angle dorm (not hand held) camera view exist, which should have captured the entire incident, but once the beatings began, the best wide angle view of the dormitory, disappeared.

## **JURISDICTION**

### 1.

Jurisdiction is proper and based upon 28 U.S.C. §§ 1331, 1332, and 1343.

## **VENUE**

### 2.

Venue is proper and based upon 28 U.S.C. § 1391. The events or omissions giving rise to Mr. Dean's claims occurred in this District.

## **PARTIES**

**A.    Mr. Jackson**

3.

At all times relevant to this Complaint, Mr. Dean was a citizen of the United States, residing in Macon, Georgia. Mr. Dean submits to the jurisdiction and venue of this Court; thus he files this action under federal law for all general, special, compensatory, punitive, and any other permissible damages. Also, Mr. Dean has complied with all requisites to file this suit.

**B.    Mr. Stevenson**

4.

At all times relevant to this Complaint, Mr. Dean was a citizen of the United States, residing in Macon, Georgia. Mr. Dean submits to the jurisdiction and venue of this Court; thus he files this action under federal law for all general, special, compensatory, punitive, and any other permissible damages. Also, Mr. Dean has complied with all requisites to file this suit.

**C.    Defendants**

5.

Defendant **Joseph Catanzariti** was at all times relevant to this action employed by the Georgia Department of Corrections ("GDC") and a sergeant at Smith State

Prison. Sergeant Catanzariti admits that he possessed a hammer and flashlight and screwdriver while present on the second floor of the subject dorm where Mr. Jackson and Mr. Stevenson were present, regarding the subject incident. Witness testimony demonstrates Sergeant Catanzariti struck Mr. Stevenson multiple times with a hammer and flashlight, while **Mr. Stevenson** was on the ground, handcuffed/non-resisting. Witness testimony also supports the allegation that Sergeant Catanzariti  struck Mr. Jackson with a hammer/flash light several times while **Mr. Jackson** was being escorted outside the subject dormitory with handcuffs on his hands and non-resisting. Sergeant Catanzariti incited, directed, and ratified the unconstitutional beating of Mr. Stevenson and Mr. Jackson, and also  failed to take reasonable steps to protect Mr. Jackson and Mr. Stevenson from cruel and unusual punishment (excessive force) inflicted by other Defendants. Consequently, Sergeant Catanzariti  is being sued in his individual and supervisory capacity and may be served at 9676 HWY 301 North, Glennville, GA 30427.

6.

Defendant Lieutenant **Andrew McFarlane** was at all times relevant to this action employed by the GDC and a Lieutenant at Smith State Prison. Lt. McFarlane admits that he was present on the second floor of the subject dorm where Mr. Jackson and Mr. Stevenson were present, regarding the subject incident. Witness testimony demonstrates that Lt. McFarlane struck Mr. Stevenson multiple

6

times, while **Mr. Stevenson** was on the ground, handcuffed/non-resisting. Witness testimony also supports the allegation that Lt. McFarlane struck **Mr. Jackson** with a baton several times while **Mr. Jackson** was being escorted outside the subject dormitory with handcuffs on his hands and non-resisting. Lt. McFarlane incited, directed, and ratified the unconstitutional beating of both Mr. Stevenson and Mr. Jackson, and also failed to take reasonable steps to protect Mr. Jackson and Mr. Stevenson from cruel and unusual punishment (excessive force) inflicted by other Defendants. Consequently, Lt. McFarlane is being sued in his individual and supervisory capacity and may be served at 9676 HWY 301 North, Glennville, GA 30427.

7.

Defendant Sergeant **Joshua Eason** was at all times relevant to this action employed by the GDC and a Sergeant at Smith State Prison. Sergeant Eason was present on the second floor of the subject dorm where Mr. Jackson and Mr. Stevenson were present, regarding the subject incident. Sergeant Eason struck Mr. Stevenson multiple times, while **Mr. Stevenson** was on the ground, handcuffed/non-resisting. Witness testimony also supports the allegation that Sergeant Eason struck **Mr. Jackson** with a baton several times while **Mr. Jackson** was being escorted outside the subject dormitory with handcuffs on his hands and non-resisting. Sergeant Joshua Eason incited, directed, and ratified the

7

unconstitutional beating of both Mr. Stevenson and Mr. Jackson, and also failed to take reasonable steps to protect Mr. Jackson and Mr. Stevenson from cruel and unusual punishment (excessive force) inflicted by other Defendants. Consequently, Sergeant Joshua Eason is being sued in his individual and supervisory capacity and may be served at 9676 HWY 301 North, Glennville, GA 30427.

8.

Defendant **Timothy Simmons** was at all times relevant to this action employed by the GDC and an officer at Smith State Prison. Officer Simmons was present on the second floor of the subject dorm where Mr. Jackson and Mr. Stevenson were present, regarding the subject incident. Officer Simmons struck Mr. Stevenson multiple times, while **Mr. Stevenson** was on the ground, handcuffed/non-resisting. Witness testimony also supports the allegation that Officer Simmons struck **Mr. Jackson** several times while **Mr. Jackson** was being escorted outside the subject dormitory with handcuffs on his hands and non-resisting. Officer Simmons incited, directed, and ratified the unconstitutional beating of both Mr. Stevenson and Mr. Jackson, and also failed to take reasonable steps to protect Mr. Jackson and Mr. Stevenson from cruel and unusual punishment (excessive force) inflicted by other Defendants. Consequently, Officer Simmons is being sued in his individual capacity and may be served at 9676 HWY 301 North, Glennville, GA 30427.

8

9.

Defendant **Nathaniel Milton** was at all times relevant to this action employed by the GDC and an officer at Smith State Prison. Defendant Milton was present on the second floor of the subject dorm where Mr. Jackson and Mr. Stevenson were present, regarding the subject incident. Defendant Milton is identified as a person with a hammer in his hand by one of the officers who was video recording the subject incident. Defendant Milton struck Mr. Stevenson multiple times, while **Mr. Stevenson** was on the ground, handcuffed/non-resisting. Officer Milton struck **Mr. Jackson** several times while **Mr. Jackson** was being escorted outside the dormitory with handcuffs on his hands and non-resisting. Defendant Milton incited, directed, and ratified the unconstitutional beating of both Mr. Stevenson and Mr. Jackson, and also  failed to take reasonable steps to protect Mr. Jackson and Mr. Stevenson from cruel and unusual punishment (excessive force) inflicted by other Defendants.  Consequently, Defendant Milton is being sued in his individual capacity and may be served at 9676 HWY 301 North, Glennville, GA 30427.

10.

Defendant **Christopher Henderson** was at all times relevant to this action employed by the GDC and an officer at Smith State Prison. Defendant Henderson was present on the second floor of the subject dorm where Mr. Jackson and Mr. Stevenson were present, regarding the subject incident. Defendant Henderson struck Mr. Stevenson multiple times, while **Mr. Stevenson** was on the ground, handcuffed/non-resisting. Defendant Henderson struck **Mr. Jackson** several times while **Mr. Jackson** was non-resisting and while Mr. Jackson was being escorted outside the dormitory with handcuffs on his hands and non-resisting. Defendant Henderson incited, directed, and ratified the unconstitutional beating of both Mr. Stevenson and Mr. Jackson, and also  failed to take reasonable steps to protect Mr. Jackson and Mr. Stevenson from cruel and unusual punishment (excessive force) inflicted by other Defendants.  Consequently, Defendant Henderson is being sued in his individual capacity and may be served at 9676 HWY 301 North, Glennville, GA 30427.

11.

Defendant Sheldon Deloach was at all times relevant to this action employed by the GDC and an officer at Smith State Prison. Defendant Deloach was present on the second floor of the subject dorm where Mr. Jackson and Mr. Stevenson were present, regarding the subject incident. Defendant Delaoch struck Mr.

Stevenson, while **Mr. Stevenson** was on the ground, handcuffed/non-resisting.

Defendant Deloach struck **Mr. Jackson** several times while **Mr. Jackson** was

non-resisting and while Mr. Jackson was being escorted outside the dormitory with

handcuffs on his hands and non-resisting. Defendant Delaoch incited, directed, and

ratified the unconstitutional beating of both Mr. Stevenson and Mr. Jackson, and

also  failed to take reasonable steps to protect Mr. Jackson and Mr. Stevenson from

cruel and unusual punishment (excessive force) inflicted by other Defendants.

Consequently, Defendant Delaoch is being sued in his individual capacity and may

be served at Long S.P., 1434 US Hwy 84 East, Ludowici, GA 31316.

12.

Defendants Candice Hill, Retania Harvey, Sandi West, Melvin Wells ,

Sherry Ritchie , Brandon Cearnel, Carolyn Carrol , Joseph Powell , Derius Attical,

Darryl Davis , Denjamin Ashley, Joyce Carver , Sharon Frasier, Tammy Watkins,

Linda Bass, Elizabeth Haire, Jeffery Mullis, Jarrod Bennett, Joseph White ,

Gordon Pittman, Gene Tootle, Justin Swope, Gary Mitchell , John Jones, Michael

Deloach, Mary Roach, Jaleesa Miller , Caleb Harrsion , Rodercik Clayton, Brandi

Jospeh, Kim Hardee, Crystal Dotson **were all named** on government records as

officers involved in the incident. These Defendants saw Mr. Stevenson being

beaten and failed to take reasonable steps to prevent the beating of Mr. Stevenson,

who was being beaten while non-resisting, on the ground, and handcuffed, with a

11

300 pound man sitting on him (Mr. Stevenson is a small man). These Defendants

saw Mr. Jackson being beaten while he was handcuffed and non-resisting and

failed to take reasonable steps to stop that beating. These Defendants (except Hall

and Harvey) also beat Mr. Jackson and Mr. Stevenson. Consequently, these

Defendants are being sued in their individual capacity and may be served at 9676

HWY 301 North, Glennville, GA 30427.

## **RELEVANT FACTS**

### 13.

On December 31, 2010, Smith State Prison officials performed a "shake

down" of the dormitory that housed Mr. Jackson and Mr. Stevenson.

### 14.

During the shake down, Defendant Catanzariti, while on the second floor of

the subject dormitory, has admitted he possessed a hammer, flash light, and screw

driver.

### 15.

Smith State Prison officials initially claimed, after the beatings, to have

found a "green leafy substance" in Mr. Jackson's cell room, which he shared with

another inmate. But later, the disciplinary report written against Mr. Jackson for

allegedly possessing an alleged drug/narcotic was **dismissed**.

16.

Defendant Catanzariti approached Mr. Jackson and after the two exchanged words, Catanzariti struck Jackson and then lifted Jackson up, with the help of other Defendants (except Hill and Harvey), as if he were going to throw him over the second floor rail. Defendants then placed Mr. Jackson in handcuffs.

17.

Defendant Catanzariti, according to witness testimony, and video evidence, repeatedly struck Mr. Stevenson with a hammer while Mr. Stevenson was non-resisting, and handcuffed, on the ground, with 300 pound officer sitting on him.

18.

While Mr. Stevenson was non-resisting, and handcuffed, on the ground with 300 pound officer sitting on him, Defendants, except Defendants Hill and Harvey, struck Mr. Stevenson with their feet and fist, assisting Defendant Catanzariti in a malicious, cruel, and sadistic attack on Mr. Stevenson's physical integrity, evidenced by video evidence.

19.

Video evidence and witness testimony demonstrate that Defendant Catanzariti repeatedly struck Mr. Jackson in the face with an object (what appears to be the back end of a flash light or hammer), while Mr. Jackson was clearly non-resisting and handcuffed.

20.

Defendants (except Hill and Harvey) escorted Mr. Jackson and Mr. Stevenson outside the subject dormitory.

21.

Once Mr. Jackson was taken outside the subject dormitory, Defendants (except Hill and Harvey) threw Mr. Jackson to the nearby fence and began beating him while he was handcuffed and non-resisting.

22.

While outside the subject dormitory, according to witness testimony, Defendant Catanzariti hit Mr. Jackson in the face with a hammer repeatedly, while another Defendant (except Hill and Harvey) beat him with a night stick.

23.

Defendants violated their own standard operating procedures by failing to record themselves escorting Mr. Jackson and Mr. Stevenson to medical.

24.

Defendants knew Defendant Catanzariti was striking Mr. Stevenson with a hammer or other object, while Mr. Stevenson was non-resisitng, yet, failed to take reasonable measures to stop that beating.

25.

Defendants (except Hill and Harvey) knew Defendant Catanzariti and other Defendants were striking Mr. Jackson outside the subject dormitory while he was handcuffed and non-resisting, yet, failed to take reasonable measures to stop that beating.

26.

While Mr. Stevenson was in the medical room waiting, Defendants (except Hill and Harvey), punched him in the face with hand cuffs, and Defendants stole his watch, laughing at him while twirling the watch around their fingers and trying it on for size.

27.

While in the medical room, Defendant Catanzariti threatened Mr. Jackson's life if he mentioned the beating he received on the way to medical and punched him a few more times, while Mr. Jackson was handcuffed and non-resisting.

28.

Records demonstrate that Mr. Stevenson was diagnosed with head injury, concussion, broken mandible, numerous lacerations, broken nose, swelling and periorbital facial tissue swelling, and trauma to his ear canal, along with nerve damage to his face—all caused by the beating he took from Defendant Catanzariti and other Defendants (except Hill and Harvey). Given those injuries, Mr.

Stevenson nevertheless did not get his jaw wired, or nose fixed, immediately. Instead, while knowing Mr. Stevenson needed, at minimal, medical attention to fix his nose and jaw, Mr. Stevenson was transferred to the Special Management Unit in Jackson, Georgia (24 hour lockdown) where he sat—and suffered—for nearly a month with a broken jaw, despite the pleas of his attorney. He also now suffers from memory loss, nerve damage, jaw problems, and frequent, severe migraines. These facts are related to damages.

29.

Records demonstrate that Mr. Jackson suffered head injury, broken nose, fracture teeth, multiple lacerations to the face, contusions, periorbital endema around his eyes, and trauma to his ear canal. Given those injuries, Mr. Jackson nevertheless did not get his nose, or fractured teeth, fixed. Instead, while knowing Mr. Jackson needed, at minimal, medical attention to fix his nose and teeth,  Mr. Jackson was transferred to the Special Management Unit in Jackson, Georgia (24 hour lockdown) where he sat—and suffered—for months with a broken nose, and fractured teeth, despite the pleas of his attorney. Mr. Jackson also now suffers memory loss and frequent severe migraines. These facts are related to damages.

30.

The Department of Corrections brought untimely charges against the plaintiffs for alleged assault, then, notably failed to provide the District Attorney with any existing video evidence, until Mr. Stevenson's criminal attorney requested the video from the DA and both attorneys realized the Department of Corrections never provided any video evidence. The video evidence provided to the DA is the same video evidence that shows Defendants beating Mr. Jackson and Mr. Stevenson while both are handcuffed and non-resisting/compliant, and while Defendants casually stand by and watch. **No grand jury has been held on the pending charges in over 2 years.**

## COUNT I

## VIOLATION OF EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983
(*Against All Defendants*)

31.

Mr. Dean re-alleges in this Count, as if stated verbatim, all factual allegations in ¶¶ 5-30, and any other paragraph this Court deems applicable.

32.

The incorporated facts and allegations demonstrate that Defendants (except Hill and Harvey) beat Mr. Jackson and Mr. Stevenson while they were non-resisting, and handcuffed. The Defendants use of force was therefore not

17

reasonably calculated to restore order, and in any event, went well beyond the force necessary to restore order. Video evidence demonstrates a complete absence of urgency on the part of Defendants (**including** Hill and Harvey), who stood around and watched a brutal beating of Mr. Stevenson, then, joined in as the video camera coincidently angled towards the walls and floor. Defendants beat Mr. Jackson and Mr. Stevenson while acting under the color of state law,  and violated Plaintiffs' clearly established rights under the Eighth and Fourteenth Amendments to the United States Constitution by using malicious, sadistic and otherwise inhumane force against Plaintiffs.

33.

Defendants acted with a deliberate, malicious and retaliatory purpose (intent) to inflict harm to Mr. Jackson and Mr. Stevenson. The force used by Defendant was more than de minimis force, and the physical injuries caused are severe. Furthermore, all Defendants failed to take reasonable steps to immediately stop other Defendants from beating Mr. Jackson and Mr. Stevenson, evidenced by the facts incorporated to support this Count and by video evidence and witness testimony.

34.

The facts and allegations incorporated to support this Count demonstrate that Defendants' sadistic conduct directly and proximately caused Plaintiffs to suffer significant physical and emotional injuries in an amount to be proven at trial.

35.

Defendants conduct evidenced a disdainful, shameless disregard for Plaintiffs' constitutional right to be free from cruel and unusual punishment. Consequently, Plaintiffs are entitled to all permissible damages, including punitive damages. Punitive damages are necessary to deter future Eighth Amendment excessive force violations at this institution.

## COUNT II

### SUPERVISORY LIABILTY
(*Against Defendants* Catanzariti*, McFarland, and Eason*)

36.

Mr. Dean re-alleges in this Count, as if fully stated verbatim, all factual allegations set forth in ¶¶ 5-7, 14, 16-22, and 24-29, and any other paragraph that this Court deems applicable.

37.

The facts and allegations incorporated in this paragraph indicate that Defendants named in this Count supervised and ratified the beating of Mr. Jackson and Mr. Stevenson by (1) directly participating in the beating and by (2) failing to

take reasonable steps to immediately stop other Defendants under their supervision from beating Mr. Jackson and Mr. Stevenson, while in Defendants Catanzariti, McFarland, and Eason's presence.  Consequently, Defendants Catanzariti, McFarland, and Eason directly and proximately caused Mr. Dean to suffer severe physical and emotional injury.

38.

Defendants Catanzariti, McFarland, and Eason had the authority, by virtue of their position as either sergeant or lieutenant, to stop other Defendants (not including Hall and Harvey) from beating Mr. Jackson and Mr. Stevenson while they were non-resisting and compliant. Nevertheless Defendants Catanzariti, McFarland, and Eason failed to use their authority to stop the unconstitutional beating that took place in their presence.

39.

The unconstitutional conduct of Defendants Catanzariti, McFarland, and Eason's in relation to Plaintiffs' physical and emotional injuries entitles Plaintiffs to all permissible damages, including punitive damages.

Plaintiffs now pray that this Court do the following:

1.  Assume jurisdiction over this action;

2.  Declare that the acts and omissions described in this Complaint
    violated Mr. Dean's rights under the U.S. Constitution and laws
    of the United States;

3.  Permit a jury to decide all issues of fact that this Court does not
    decide as a matter of law;

4.  Enter Judgment in favor of Plaintiffs- for all permissible
    damages under law, including compensatory and punitive
    damages- against each defendant jointly and severally;

5.  Award Plaintiffs all permissible cost under law regarding this
    lawsuit, including reasonable attorney fees and expenses
    pursuant to 42 U.S.C. § 1988(b) & (c); and

6.  Order any additional relief that this Court deems appropriate.

Respectfully submitted this 25th day of January 2013,

> s/ MARIO WILLIAMS
> Mario Williams
> GA Bar No. 234254

WILLIAMS OINONEN, LLC
The Grant Building
44 Broad Street, NW
Suite 200
Atlanta, GA 30303
Tel:   404-654-0288
Fax:   404-592-6225

Counsel for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served a copy of **PLAINTIFFS' FIRST AMENDED COMPLAINT** with the Clerk of Court using CM/ECF system which will automatically send e-mail notification of this filing to the following attorney of record:

> Michelle J. Hirsch, Esq
> Assistant Attorney General
> 40 Capitol Square S.W.
> Atlanta, Georgia 303334

Respectfully submitted this 25th day of January 2013,

s/MARIO WILLIAMS
Mario Williams
GA Bar No. 234254

WILLIAMS OINONEN, LLC
The Historic Grant Building
44 Broad Street, NW
Suite 200
Atlanta, GA 30303
Tel:   404-654-0288
Fax:   404-592-6225
mario@goodgeorgialawyer.com

Counsel for Plaintiffs