# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 FEB 15 A 11: 55

CLERK_____
SO. DIST. OF GA.

MIGUEL JACKSON and
KELVIN STEVENSON,

     Plaintiffs,

     v.

JOSEPH CATANZARITI; ANDREW
McFARLANE; JOSHUA EASON;
TIMOTHY SIMMONS; CANDICE
HILL; RETANIA HARVEY;
CHRISTOPHER HENDERSON;
NATHANIEL MILTON; SANDI WEST;
MELVIN WELLS; SHERRY RITCHIE;
BRANDON CEARNEL; CAROLYN
CARROL; JOSEPH POWELL;
DERIUS ATTICAL; SHELDON
DeLOACH; DARRYL DAVIS;
BENJAMIN ASHLEY; JOYCE
CARVER; SHARON FRASIER;
TAMMY WATKINS; LINDA BASS;
ELIZABETH HAIRE; JEFFERY
MULLIS; JARROD BENNETT;
JOSEPH WHITE; GORDON
PITTMAN; GENE TOOTLE;
JUSTIN SWOPE; GARY MITCHELL;
JOHN JONES; MICHAEL DeLOACH;
MARY ROACH; JELEESA MILLER;
CALEB HARRISON; RODERICK
CLAYTON; BRANDI JOSEPH;
KIM HARDEE; and CRYSTAL DOTSON,

     Defendants.

CIVIL ACTION NO.: CV612-113

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

    Plaintiffs Miguel Jackson and Kelvin Stevenson ("Plaintiffs"), inmates currently incarcerated at Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed

an action pursuant to 42 U.S.C. § 1983 contesting events that allegedly occurred at Smith State Prison in Glennville, Georgia. Plaintiffs, who are represented by an attorney, named 39 individuals as Defendants in this action. Four Defendants ("the moving Defendants"), Joseph Catanzariti, Andrew McFarlane, Timothy Simmons, and Nathaniel Milton, were served, and they filed a Motion to Dismiss or in the Alternative Strike and Stay. After the moving Defendants filed their Motion, Plaintiffs filed an Amended Complaint and a Response to the moving Defendants' Motion. The moving Defendants filed a Reply to Plaintiff's Response to their Motion. Plaintiffs' Amended Complaint renders the moving Defendants' Motion to Dismiss or in the Alternative Strike moot; therefore, that Motion should be **DENIED**. See Johnson v. Wellborn, 418 F. App'x 809, 813 (11th Cir. 2011) (district court denied motion to dismiss as moot, in light of amended complaint); Trimble v. U.S. Social Security, 369 F. App'x 27, 29 (11th Cir. 2010) (same); Taylor v. Alabama, 275 F. App'x 836, 838 (11th Cir. 2008) (stating that when plaintiffs amended their complaint, defendants' motion to dismiss or in the alternative motion for summary judgment became moot). Additionally, the moving Defendants' request for a stay of the proceedings is **DENIED**.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

AO 72A
(Rev. 8/82)

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. Although the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

The undersigned has completed the requisite review of Plaintiffs' Amended Complaint, (Doc. No. 24). Plaintiffs' allegations, when read in a light most favorable to Plaintiffs, arguably state colorable claims for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A against all Defendants.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this _15th_ day of February, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE