UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MIGUEL JACKSON and KELVIN STEVENSON,

Plaintiffs,

v.     6:12-cv-113

JOSEPH CATANZARITI, et al.,

Defendants.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation ("R&R") that Defendant's Motion to Dismiss or Strike pursuant to Federal Rules of Civil Procedure 8(a) and 12(f) be **DENIED**. The Court does not, however, concur with the R&R as to Defendants' Motion to Stay under *Younger v. Harris*, 401 U.S. 37 (1971). Defendants' Motion to Stay, ECF Nos. 20, 35, 36, 70 therefore, is **GRANTED**, and this case is **STAYED** until resolution of the ongoing criminal proceedings against Plaintiffs stemming from the facts of this case.

In their Objections, the moving Defendants assert that the Magistrate Judge did not address their arguments that Plaintiffs' First Amended Complaint should be dismissed based on Rules 8(a) and 12(f). Though the Magistrate Judge did not cite to Rules 8(a) and 12(f), it is evident that the Magistrate Judge found Plaintiffs First Amended Complaint should not be dismissed based on failure to state a claim (Rule 8(a)) or that certain portions of that Complaint should be dismissed as redundant (Rule 12(f)). The Magistrate Judge conducted a frivolity review of the First Amended Complaint and determined that Plaintiffs' allegations state colorable claims for relief against all Defendants at this stage in the litigation. ECF No. 41.

Defendants' Objections regarding their Motion to Dismiss or Strike are overruled. The Magistrate Judge's R&R as to those motions is adopted as the opinion of the Court. Defendants' Motion to Dismiss or Strike, ECF Nos. 20, 35, are **DENIED**.

Defendants also assert in their Objections, as well as by way of a separately-filed appeal of the Magistrate Judge's Order, that this cause of action should be stayed based on *Younger*. Plaintiffs responded to Defendants' appeal.

There exists "a strong federal policy against federal[] court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. V. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). A federal court should also abstain from hearing a case "[w]here vital state interests are involved, . . . 'unless state law clearly bars the interposition of the constitutional claim.'" *Id.* at 432 (quoting *Moore v. Sims*, 442 U.S. 415, 426 (1979)). "The question of whether a federal court should abstain from interfering with a state judicial proceeding 'is threefold: first, do the proceedings constitute an ongoing state judicial proceedings; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Boyd v. Georgia*, No. 12-14202, 2013 WL 950474, at *2 (11th

Cir. Mar 13, 2013) (quoting *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)).

Since the moving Defendants filed their Motions to Dismiss, at least one of the Plaintiffs has been indicted by a grand jury for aggravated battery. ECF No. 37-1. At the time this Complaint was filed, it appears that both Plaintiffs had warrants out for their arrests based on charges of aggravated battery. ECF No. 37-2 at 7-9. Thus, the state criminal proceedings were ongoing at the time Plaintiffs filed their Complaint. Plaintiffs assert that Defendants violated their constitutional right to be free from an excessive amount of force and are seeking declaratory and monetary relief. During the ongoing criminal proceedings, nothing prevents Plaintiffs from asserting that Defendants used excessive force against them.

This is not a case where there is a mere "possibility" that criminal charges will be filed. *Compare, Comptroller of Currency v. Lance*, 632 F. Supp. 437, 442 (N.D. Ga. 1986) (holding that possibility of criminal proceedings cannot justify stay). Instead, active criminal proceedings are ongoing and indictments were recently issued. Moreover, Defendants have not asked for an indefinite stay; they have merely requested a stay pending the resolution of currently pending criminal proceedings.

A stay is appropriate under these circumstances. Discovery allowed in federal civil cases is fairly broad. *See* FED. R. CIV. P. 26. State discovery rules in criminal cases are much more limited and impose reciprocal obligations. *See* O.C.G.A. § 17-16-1, *et. seq.* As a result, through the civil discovery process, Plaintiffs could obtain significant information for use in the criminal case, without having to opt in to the state criminal discovery procedure. Plaintiffs cannot manipulate the discovery process in this manner.

Accordingly, the Court does not concur with the R&R denying Defendants' Motion to Stay. Defendants Motion to Stay is **GRANTED**. This case is **STAYED** until resolution of the ongoing criminal proceedings against Plaintiffs.

This 16 day of April, 2013.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA