UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| MIGUEL JACKSON and KELVIN STEVENSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 6:12-cv-113 |
| JOSEPH CATANZARITI, *et al.*, | ) ) | |
| Defendants. | ) | |

## ANSWER AND DEFENSES

Defendants Joseph Catanzariti, Andrew McFarlane, Timothy Simmons, Nathaniel Milton, Sheldon Deloach, Retainia Harvey, Sandi West, Melvin Wells, Joseph Powell, Darryl Davis, Benjamin Ashley, Joyce Carver, Sharon Frasier, Tammy Watkins, Linda Bass, Elizabeth Haire, Jarrod Bennett, Gordon Pittman, Gary Mitchell, Michael DeLoach, Mary Roach, Jaleesa Miller, Caleb Harrison, Roderick Clanton, Brandi Joseph, and Crystal Dotson,[1] through counsel, submit their answer and defenses to the amended complaint (Doc. 24), as follows:

## FIRST DEFENSE

The amended complaint fails for lack of personal jurisdiction, insufficient process and/or insufficient service of process.

## SECOND DEFENSE

The amended complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of *res judicata*, collateral estoppel, and/or *Heck v. Humphrey*, 512 U.S. 477 (1994).

---

[1] The amended complaint names other defendants who have not been served.

### **FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the Eleventh Amendment and the doctrine of sovereign immunity.

### **FIFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, on the basis that an individual defendant sued in his official capacity is not a "person" subject to suit under 42 U.S.C. § 1983.

### **SIXTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of qualified immunity.

### **SEVENTH DEFENSE**

Plaintiffs' claims fail, in whole or in part, because Defendants have not denied them any rights, privileges, or immunities secured by the Constitution or laws of the United States.

### **EIGHTH DEFENSE**

Plaintiffs' claims fail, in whole or in part, because any force used by Defendants against Plaintiffs was applied legitimately and in a good faith effort to maintain or restore discipline and not maliciously or sadistically for the purpose of causing harm.

### **NINTH DEFENSE**

Plaintiffs' claims fail, in whole or in part, because any force used by Defendants was *de minimis* and was not repugnant to the conscience of mankind.

### **TENTH DEFENSE**

Plaintiffs' claims for declaratory and/or injunctive relief, if any, are moot and also are barred, in whole or in part, because they have not suffered a violation of a Federal right.

Defendants reserve the right to raise any other defenses allowed by law at such time as Plaintiffs' claims or contentions are more particularly identified in this case. Subject to and

without waiving any of the foregoing defenses, Defendants respond to the unnumbered and the individually numbered paragraphs of the amended complaint as follows:

## INTRODUCTION

Defendants object to the amended complaint, including the unnumbered paragraphs in this section, on the grounds that it violates Rule 8 of the Federal Rules of Civil Procedure.  These paragraphs do not include a short and plain statement of a claim for relief and instead reference unspecified "evidence" and "testimony."  To the extent that a response is required, Defendants deny the allegations in this section of the amended complaint.  Defendants specifically deny that excessive force was used against either Plaintiff, deny that force was used after Plaintiffs were restrained, and deny that any of them failed to intervene in an excessive use of force or failed to protect Plaintiffs.  Answering further, Defendants state on information and belief that Plaintiffs Jackson and Stevenson were leaders of and participants in a pre-planned inmate uprising where correctional officers were assaulted after conducting a controlled shakedown for contraband in the D-2 dormitory at Smith State Prison on December 31, 2010, during which shakedown contraband (including cell phones and drugs) was found inside the cell that was occupied by Plaintiff Jackson.  When inmates began assaulting officers in this incident a 10-78 call for all officer assistance was given and officers used force to defend themselves, restrain the inmates, and restore order.  Answering further, Defendants state on information and belief that during the incident the following weapons were seized from the D-2 dormitory, the presence of these weapons corroborating the violent nature and intent of the uprising: a homemade weapon 7 ½ inches long that appeared to be made from a band off a fence, one end of which was sharpened to a point and other end of which was wrapped in white cloth for a handle; one weapon 7 ½ inches long and 1 ½ inches wide made from what appeared to be part of a vent with a cloth handle made

from a state issue prisoner belt at one end and the other end sharpened to a point; one weapon 11 inches long and 2 inches wide with a sock on one end for a handle and the other end sharpened to a point, apparently made from Plexiglas; a homemade weapon 6 inches long and 1 ½ inches wide made from what appeared to be part of a vent with a cloth handle made from a sock and shoe string; one homemade weapon 7 ½ inches long and 2 inches wide that appeared to be made from a heater vent, with one end sharpened to a point and the other end wrapped in plastic wrap; one homemade weapon 10 inches long and 1 ¾ inches wide that appeared to be made from a heater vent with one end sharpened to a point and the other end wrapped in plastic wrap.

## JURISDICTION

1.Defendants admit that the Court has jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1343(a)(4) and deny any remaining allegations in this paragraph.

## VENUE

2.Admitted.

## PARTIES

3.Defendants admit that Plaintiff Jackson was an inmate incarcerated at Smith State Prison at the time of the events giving rise to this lawsuit. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and so the allegations are denied.

4.Defendants admit that Plaintiff Stevenson was an inmate incarcerated at Smith State Prison at the time of the events giving rise to this lawsuit. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and so the allegations are denied.

5. Defendants admit that Defendant Catanzariti was employed by the Georgia Department of Corrections (GDC) as a correctional officer and Sergeant at Smith State Prison at the time of the events giving rise to this lawsuit. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph concerning what Defendant Catanzariti "admits" and concerning "witness testimony" inasmuch as the admission and testimony are not specified, and so those allegations are denied. Defendants admit that, as part of a controlled shakedown of the D-2 dormitory and specifically of Plaintiff Jackson's assigned prison cell 234, Defendant Catanzariti was working with a hammer, flashlight and screwdriver prior to the inmate assaults on officers to extract and confiscate contraband (including cell phones and drugs) that had been hidden inside of Plaintiff Jackson's cell including behind a heater vent and inside the pipe chases of the cell. Defendants deny the remaining allegations in this paragraph. Defendants specifically deny that excessive force was used against either Plaintiff, deny that force was used after Plaintiffs were restrained, and deny that any of them failed to intervene in an excessive use of force or failed to protect Plaintiffs.

6. Defendants admit that Defendant McFarlane was employed by GDC as a correctional officer and Lieutenant at Smith State Prison at the time of the events giving rise to this lawsuit. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph concerning what Defendant McFarlane "admits" and concerning "witness testimony" inasmuch as the admission and testimony are not specified, and so those allegations are denied. Defendants deny the remaining allegations in this paragraph. Defendants specifically deny that excessive force was used against either Plaintiff, deny that

force was used after Plaintiffs were restrained, and deny that any of them failed to intervene in an excessive use of force or failed to protect Plaintiffs.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and so the allegations are denied.

8. Defendants admit that Defendant Simmons was employed by GDC as a correctional officer at Smith State Prison at the time of the events giving rise to this lawsuit. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph concerning "witness testimony" inasmuch as the testimony is not specified, and so those allegations are denied. Defendants deny the remaining allegations in this paragraph. Defendants specifically deny that excessive force was used against either Plaintiff, deny that force was used after Plaintiffs were restrained, and deny that any of them failed to intervene in an excessive use of force or failed to protect Plaintiffs.

9. Defendants admit that Defendant Milton was employed by GDC as a correctional officer at Smith State Prison at the time of the events giving rise to this lawsuit. Defendants deny the allegations in the second sentence of this paragraph. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of this paragraph, and so those allegations are denied. Defendants deny the remaining allegations in this paragraph. Defendants specifically deny that excessive force was used against either Plaintiff, deny that force was used after Plaintiffs were restrained, and deny that any of them failed to intervene in an excessive use of force or failed to protect Plaintiffs.

10. Defendants admit that Defendant Henderson was employed by GDC as a correctional officer at Smith State Prison at the time of the events giving rise to this lawsuit. Defendants admit that Defendant Henderson was present on the second floor of the D-2

dormitory during a part of the incident giving rise to this lawsuit.  Defendants deny the remaining allegations in this paragraph.  Defendants specifically deny that excessive force was used against either Plaintiff, deny that force was used after Plaintiffs were restrained, and deny that any of them failed to intervene in an excessive use of force or failed to protect Plaintiffs.

11. Defendants admit that Defendant Sheldon Deloach was employed by GDC as a correctional officer at Smith State Prison at the time of the events giving rise to this lawsuit.  Defendants deny the remaining allegations in this paragraph.  Defendants specifically deny that excessive force was used against either Plaintiff, deny that force was used after Plaintiffs were restrained, and deny that any of them failed to intervene in an excessive use of force or failed to protect Plaintiffs.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph concerning what Defendants were "named on government records" inasmuch as the records are not specified, and so those allegations are denied.  Defendants deny the remaining allegations in this paragraph.  Defendants specifically deny that excessive force was used against either Plaintiff, deny that force was used after Plaintiffs were restrained, and deny that any of them failed to intervene in an excessive use of force or failed to protect Plaintiffs.

## "RELEVANT FACTS"

13. Admitted.

14. Defendants admit that, as part of a controlled shakedown of the D-2 dormitory and specifically of Plaintiff Jackson's assigned prison cell 234, Defendant Catanzariti was working with a hammer, flashlight and screwdriver prior to the inmate assaults on officers to extract and confiscate contraband (including cell phones and drugs) that had been hidden inside

of Plaintiff Jackson's cell including behind a heater vent and inside the pipe chases of the cell. Answering further, Defendants state that, after the contraband was removed from Plaintiff Jackson's cell and as officers were attempting to leave the dormitory with the contraband, Defendant Catanzariti was assaulted by inmates including Plaintiff Jackson, and deny that Defendant Catanzariti was in possession of these tools after the inmate assault and during the time that officers were attempting to defend themselves and to restrain and regain control of the inmates.  Defendants deny any remaining allegations in this paragraph.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as to what "Smith State Prison officials initially claimed" and as to what is reflected in a "disciplinary report written against Mr. Jackson," and so those allegations are denied.  Defendants deny any remaining allegations in this paragraph.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as to what "records indicate" inasmuch as the records are not specified, and so those allegations are denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second to last sentence of this paragraph concerning Plaintiff Stevenson's alleged current condition, and so those allegations are denied. Defendants deny the remaining allegations in this paragraph. Defendants specifically deny that Plaintiff Stevenson "took a beating from Defendant Catanzariti and other Defendants" as alleged and specifically deny that Plaintiff Stevenson was denied medical attention or treatment after the incident. Answering further, Defendants state on in formation and belief that Plaintiff Stevenson was taken to Evans Memorial Hospital after the incident, he was treated and released by the hospital that same day, and then he was returned to Smith State Prison and placed in a holding cell in the infirmary for monitoring.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as to what "records indicate" inasmuch as the records are not specified, and so those allegations are denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second to last sentence of this paragraph concerning Plaintiff Jackson's alleged current condition, and so those allegations are denied. Defendants deny the remaining allegations in this paragraph. Defendants specifically deny that Plaintiff Jackson was denied medical attention or treatment after the incident. Answering further, Defendants state on information and belief that Plaintiff Jackson was taken to Evans Memorial Hospital after the incident, he was treated and released by the hospital that same day, and then he was returned to Smith State Prison and placed in a holding cell in the infirmary for monitoring.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph, and so those allegations are denied. Defendants deny the remaining allegations in this paragraph.

### COUNT I

31. Defendants incorporate the responses to the paragraphs above.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

### COUNT II

36. Defendants incorporate the responses to the paragraphs above.

37. Denied.

38. Denied.

39. Denied.

### GENERAL DENIAL

To the extent that any allegation of the amended complaint has not been specifically admitted, denied, or otherwise controverted herein, Defendants deny the allegation.

WHEREFORE, having answered fully, Defendants request a jury trial on all issues so triable, that judgment be entered in their favor and against Plaintiffs on all claims, that Plaintiffs take nothing from Defendants and that Defendants be awarded and Plaintiffs be assessed all costs of this action, and that the Court enter such other relief as it deems just and proper.

Respectfully submitted,

SAMUEL S. OLENS          551540
Attorney General

KATHLEEN M. PACIOUS 558555
Deputy Attorney General

DEVON ORLAND            554301
Senior Assistant Attorney General

RONALD J. STAY          621732
Assistant Attorney General

<u>s/ Roger A. Chalmers</u>       118720
Roger A. Chalmers
Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:
Roger A. Chalmers
State Law Department
40 Capitol Square SW
Atlanta, GA  30334
Tel: (404) 463-8850
Fax: (404) 651-5304
Email: rchalmers@law.ga.gov

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the directives from the Court Notice of Electronic Filing which was generated as a result of electronic filing.

This 5th day of August, 2016.

<u>s/ Roger A. Chalmers</u>