# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

MIGUEL JACKSON and ALEXIAS E.    )
STEVERSON, as the Legal Guardian    )
of KELVIN STEVENSON,    )
    )
       Plaintiffs,    )
    )
v.    )    CIVIL ACTION NO.
    )    6:12-cv-113
JOSEPH CATANZARITI and CALEB    )
HARRISON,    )
    )
       Defendants.    )

## PROPOSED CONSOLIDATED PRETRIAL ORDER

Plaintiffs Miguel Jackson and Kelvin Stevenson, and Defendants Joseph Catanzariti and Caleb Harrison, by and through their respective undersigned counsel, submit the following as their Proposed Consolidated Pretrial Order for the jury trial of this matter which is now set for March 20, 2023.

Counsel for Plaintiffs, Mario Williams and David E. Betts, and counsel for Defendants, Roger A. Chalmers and Jason S. Knowles met at the offices of Plaintiff's counsel, 44 Broad Street, Suite 200, Atlanta, Georgia 30303, on Tuesday August 23, 2022, from 12:00 p.m. until 1:05 p.m. and conferred on the following.

1.    **Counsel are to discuss and agree on every possible factual stipulation. The stipulations must be reduced to writing, signed and filed with the consolidated proposed pretrial order as ATTACHMENT "A" hereto. Stipulations can spare witness testimony, trial time, and expense. If a party feels the other side is in bad faith refusing to stipulate, they shall set forth "proposed stipulations" on ATTACHMENT "A." Costs of proving what, at trial, was never really disputed and what should have been stipulated, may be taxed against the offending party and attorney. Those costs may include witness fees and additional attorney preparation time costs.**

See Attachment A hereto.

2.    As ATTACHMENT "B" to the proposed pretrial order, the parties may, but are not required to, submit questions which they desire the Court to propound to jurors concerning their legal qualifications to serve and any other questions they wish propounded for information purposes. If the parties choose to submit general voir dire questions hereunder, they may submit the questions jointly as one attachment or separately as ATTACHMENTS "B-1" and "B-2".[1]

See Attachments B, B-1, and B-2 hereto.

3.    State the names of all parties, firms and attorneys to be used in qualifying the jury. State the name of any insurance company involved, and whether it is a stock or mutual company. State the names of all counsel who are members of any firm involved on a contingent fee basis. At the pretrial conference, counsel may be required to disclose policy limits and details of any insurance coverage.

Plaintiffs: Miguel Jackson, Kelvin Stevenson, Mario Williams, Julie Oinonen, Williams

Oinonen, LLC, HDR, LLC, David E. Betts, Betts & Associates

Defendants: Joseph Catanzariti, Caleb Harrison, Roger A. Chalmers, Jason Steven

Knowles, Georgia Department of Law, Georgia Department of Administrative Services

4.    Identify the basis upon which the jurisdiction of this Court is based and any questions relating to its jurisdiction.

This is a civil rights action under 42 U.S.C. § 1983 and the Eighth Amendment of the

U.S. Constitution, and jurisdiction is based on U.S. Const. Art. III, Sec. 2 and 28 U.S.C. § 1331.

There are no questions relating to the jurisdiction of the Court.

5.    List any motions or other matters in the case which remain unresolved. Any motion not so enumerated shall be deemed withdrawn by the moving party.

The parties are filing motions *in limine*.

**Additional response by Plaintiffs:** Plaintiffs have filed several motions represented by

ECF 405, Supplemental Motion *in Limine* to preclude any Defendant from offering evidence of

---

[1] The Court will require that each juror stand and give personal background information (name, address, employment, spouse's employment, etc.) and such questions need not be included. The Court will propound questions concerning legal qualifications.

witnesses' arrest records, convictions, or sentences, that are beyond ten years; ECF 411 (Plaintiff

Miguel Jackson) and ECF 408 (Plaintiff Kelvin Stevenson) objecting to evidence offered by

Defendants at trial. More motions will be filed on or before the deadline.

There are no other pending motions.

**6.     All discovery is to be completed pursuant to the Local Rules.  The date of the conclusion of the discovery process and the expected completion of any untranscribed deposition shall be stated.**

Discovery was complete on December 15, 2017 (Doc. 221).  All depositions have been

transcribed.

**7.     State whether the names of the parties in the above-captioned case(s) are complete and correct and whether there is any question of misjoinder or non-joinder.**

The names of the parties are complete and correct and there is no question of misjoinder

or non-joinder.

**8.     Outline of plaintiff(s)' case.**

**NOTE:     PLAINTIFF(S) SHOULD PAY PARTICULAR ATTENTION TO THIS PARAGRAPH.  AT THE TRIAL, IT WILL BE USED BY THE COURT IN DIRECTING THE CASE AND INSTRUCTING THE JURY.**

Plaintiff(s) shall furnish a <u>short</u>, <u>succinct</u>, factual and narrative statement of the cause of action.  This statement should not be argumentative and should not recite evidence.  In no event shall the statement be more than one page.

**For Plaintiff:**

Video evidence shows Plaintiff Miguel Jackson handcuffed inside D-2 Dormitory with

approximately five officers surrounding him.  Mr. Jackson claims that Defendants violated his

Eighth Amendment rights by striking him in the face with the butt end of what appears to be an

elongated flashlight.  Second, video evidence shows Jackson handcuffed as he is being escorted

out of the D-2 dormitory.  Jackson contends that Defendants violated his Eighth Amendment

right by beating him, while he was handcuffed outside of the D-2 Dormitory.  Video evidence also shows that Plaintiff Kelvin Stevenson was struck with what appears to be a hammer or other large object while he was restrained on the floor by a correctional officer weighing more than 325 pounds, in the D-2 dormitory.  Mr. Stevenson claims that Defendants violated his Eighth Amendment rights by striking him in the head and face with the object while he was restrained on the range in the dormitory and that the Defendants further violated his Eighth Amendment Rights by striking him outside the dormitory while Mr. Stevenson was handcuffed, restrained and compliant.

        **9.**      **Outline of defendant(s)' case.**

**NOTE:**        **DEFENDANT(S) SHOULD PAY PARTICULAR ATTENTION TO THIS PARAGRAPH. AT THE TRIAL, IT WILL BE USED BY THE COURT IN DIRECTING THE CASE AND INSTRUCTING THE JURY.**

Defendant(s) shall:

(a)     Furnish a <u>short</u>, <u>succinct</u>, factual and narrative statement as to all defenses (general and special).  This statement should not be argumentative and should not recite evidence.  In no event shall the statement be more than one page.

(b)     In all actions involving a counterclaim, cross-claim, or third-party action, defendant(s) should summarize the matter, using the outline required as to the main claim.

**For Defendants Joseph Catanzariti and Caleb Harrison:**

This case arises from a December 31, 2010 riot at Smith State Prison. On that date officers discovered contraband weapons inside the K-1 dormitory and in a small yard outside of the D-2 dormitory.  A controlled shakedown of the D-2 dormitory was performed while the inmates went to their evening meal. Sgt. Joseph Catanzariti participated in the shakedown of the D-2 dormitory.  He searched cell 234, the cell that was occupied by Plaintiff Miguel Jackson. Sgt. Catanzariti was working with a hammer, flashlight, and screwdriver to extract and

confiscate contraband (including cell phones and drugs) that had been hidden inside of Jackson's cell including behind a heater vent and inside the pipe chases of the cell.

The inmates assigned to the D-2 dormitory returned from chow before the officers completed the controlled shakedown. Sgt. Catanzariti remained in Jackson's cell with offenders outside the cell, some standing and milling about right outside the cell. At roughly 2205 hours Sgt. Catanzariti emerged from Jackson's cell with contraband in hand. He also was holding the tools that he used to find and extract the contraband from Jackson's cell. Jackson confronted Sgt. Catanzariti as the sergeant came out of the cell. Jackson struck Sgt. Catanzariti. Jackson and Plaintiff Kelvin Stevenson then started fighting the officers and they encouraged other inmates to fight and assault correctional officers, including Sgt. Catanzariti, when the officers attempted to leave the D-2 dormitory with the contraband that was found in the shakedown.

In this riot officers used pepper spray and fought hand-to-hand with inmates, some officers swinging flashlights, to protect themselves and to try to get the dormitory back under control. But no officer hit Jackson and Stevenson with a hammer as has been claimed.

Sgt. Catanzariti used legitimate force in attempting to restrain Stevenson. As Stevenson was lying face down on the second floor walkway of the dorm with arms underneath his body, Sgt. Catanzariti delivered several rapid closed fist strikes to Stevenson's left shoulder in an effort to free Stevenson's left arm and hand (which he was withholding from officers underneath his body) to get him handcuffed. Sgt. Catanzariti did not strike Stevenson when Stevenson was restrained, but instead while the riot was still ongoing and while Stevenson was resisting Sgt. Catanzariti's and officer Caleb Harrison's attempts to handcuff him.

None of these Defendants assaulted Jackson or Stevenson, and none of these Defendants witnessed any other officer assaulting Jackson or Stevenson, as has been claimed.

- 5 -

10.     In all cases in which violation of the United States Constitution or a federal or state statute or regulation is alleged, the party making such claim shall specifically state the constitutional provision and/or statute allegedly violated and the specific facts on which such alleged violation is based. The party shall detail the damage or relief sought pursuant to such claim and recite supporting authority.

For Plaintiff:

USCS Const. Amend. 8

Excessive force was used against Plaintiffs in a manner that was cruel and unusual. The facts that support this claim are witness testimony and video evidence that show Plaintiffs being struck by an object (e.g., a hammer/flashlight) while restrained and non-resisting. Plaintiffs suffered extreme pain and suffering, the value of which shall be determined by a jury. Relevantly, "[t]he Supreme Court has held that punitive damages may be awarded in a section 1983 case if the trier of fact finds that the defendant's conduct is "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Wright v. Sheppard*, 919 F.2d 665, 675 (11th Cir. 1990).

Also, "[c]ompensatory damages under § 1983 may be awarded only based on *actual injuries* caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated." *Slicker v. Jackson,* 215 F.3d 1225, 1229 (11th Cir. 2000). Such damages may be based on monetary loss, physical pain and suffering, mental and emotional distress, impairment of reputation, or personal humiliation." *Hicks v. Ferrero*, 285 F. App'x 585, 587 (11th Cir. 2008).

**For Defendants:**

Defendants deny the foregoing assertions and deny Plaintiffs are entitled to any recovery in this action.

**11.   In tort cases, any party bearing a burden of proof shall list each and every act of negligence or intentional tort relied upon.**

**(a)   Under a separate heading, state all relevant statutes, rules, regulations and ordinances allegedly violated. Also, recite any supporting authority.**

**For Plaintiff:**

Plaintiff believes this may not be applicable but if the constitutional issues at hand are considered a tort case them Plaintiff states the following:

1. Jackson suffered a violation of his constitutional rights inside D-2 Dormitory when struck in the face by Catanzariti while handcuffed and compliant per irrefutable video evidence; 42 USC 1983; *See Hudson v. McMillian Et al.*, 503 U.S. 1, 6-7. Ga. Comp. R. & Regs. R. 125-3-2-.07

2. Jackson suffered a violation of his constitutional rights outside the D-2 Dormitory when struck in the face and body by Catanzariti and other officers while handcuffed and compliant per video evidence, and witness testimony, while other defendants stood and watched and took no action to stop the physical force being used against a know hand cuffed and compliant Jackson. 42 USC 1983; *See Hudson v. McMillian Et al.*, 503 U.S. 1, 6-7. Ga. Comp. R. & Regs. R. 125-3-2-.07;

3. Stevenson suffered a violation of his constitutional rights outside the D-2 Dormitory when struck in the face and body by Catanzariti and other officers while handcuffed and compliant per video evidence, and witness testimony, while other defendants stood and watched and took no action to stop the physical force being used against a know hand

cuffed and compliant Stevenson. 42 USC 1983; *See Hudson v. McMillian Et al.*, 503 U.S. 1, 6-7. Ga. Comp. R. & Regs. R. 125-3-2-.07;

4. Stevenson suffered a violation of his constitutional rights inside D-2 Dormitory when struck multiple times in the face/head by Catanzariti while handcuffed and compliant per video evidence and witness testimony; 42 USC 1983; *See Hudson v. McMillian Et al.*, 503 U.S. 1, 6-7. Ga. Comp. R. & Regs. R. 125-3-2-.07

**For Defendants:**

Defendants deny the foregoing assertions and deny Plaintiffs are entitled to any recovery in this action.

> **(b)     List all items of damages claimed or non-monetary relief sought.**

**For Plaintiff:**

Plaintiffs will allow a jury to determine theirs damages.  Relevantly, compensatory and punitive damages as permitted by law. The Eleventh Circuit Court of Appeals has also stated, "[t]he Supreme Court has held that punitive damages may be awarded in a section 1983 case if the trier of fact finds that the defendant's conduct is "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Wright v. Sheppard*, 919 F.2d 665, 675 (11th Cir. 1990).

Also, "[c]ompensatory damages under § 1983 may be awarded only based on *actual injuries* caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated." *Slicker v. Jackson,* 215 F.3d 1225, 1229 (11th Cir. 2000). Such damages may be based on monetary loss, physical pain and suffering, mental and emotional distress, impairment of reputation, or personal humiliation." *Hicks v. Ferrero*, 285 F. App'x 585, 587 (11th Cir. 2008).  Further, Plaintiffs will seek attorney fees and costs.

**For Defendants:**

Defendants deny the foregoing assertions and deny Plaintiffs are entitled to any recovery in this action.

    **(c)    In all cases involving alleged permanent injuries or death, furnish a full statement as to the age, alleged life expectancy and/or probable duration of the injuries, and earnings, income tax records or other records to prove earnings.**

**For Plaintiff:**

Nerve damage to Stevenson and permanent psychiatric harm; permanent injury to nose and knee for Jackson.  Plaintiffs are in the process of gaining other required information from his incarcerated clients.

**For Defendants:**

Defendants deny the foregoing assertions and deny Plaintiffs are entitled to any recovery in this action. Defendants further will object to Plaintiffs' attempt to offer their own lay witness testimony on medical condition causation, and will object to all testimony and evidence of alleged "permanent psychiatric harm" or "permanent injury to nose and knee" on the basis that each Plaintiff failed in discovery to make a full disclosure of such claimed elements of damages and the qualified witness who would testify to same.

    **12.    In contract cases or any other action not addressed in paragraphs 10 or 11, any party having a burden of proof shall outline the particular alleged breach of contract or the basis of any other cause of action, enumerate any applicable statute involved, and detail the damages or relief sought and recite appropriate supporting authority.**

N/A.

    **13.    If there is any dispute as to agency, state the contentions of the parties with respect to agency.**

N/A.

    **14.    State who has the burden of proof (including any affirmative defenses or special issues) and who has the opening and closing arguments to the jury.**

Plaintiffs have the burden of proof and will have the opening and closing arguments to the jury.

**15.** Under this paragraph, both plaintiff(s) and defendant(s) should separately list the witnesses whom each <u>will</u> have present at the trial and those whom each <u>may</u> have present at the trial. Witnesses intended to be used solely for impeachment shall be listed; however, if a party has a genuine reason for not listing and disclosing an impeachment witness, such party may address the Court *ex parte* and seek a ruling as to whether disclosure may be properly withheld. A representation that a party <u>will</u> have a witness present may be relied on by the opposing party unless notice to the contrary is given in sufficient time prior to trial to allow the opposing party to subpoena the witness or obtain his testimony. If a witness is not listed when the proposed pretrial order is filed, the Court will not allow the addition of a witness by any party, EXCEPT for providential or other good cause shown to the Court by application for amendment to this Order.

> **NOTE:** **COUNSEL MUST SUBMIT TO THE COURTROOM DEPUTY CLERK <u>FOUR</u> COPIES OF THE TYPED WITNESS LIST PRIOR TO JURY SELECTION.**

**For Plaintiff:**

Will call: Miguel Jackson, Kelvin Stevenson, Joseph Cantanzarti, Travis Cratic, Clinton M. Briscoe, William Pate, Shawn Thomas, Darryl Davis, Retainia Harvey, Derius Attical, Candice Hill, Daniel Brown, Angie Pittman, Joshua Eason, Tracy Sands, Caleb Harrison, Christopher Henderson, George Rogers Anderson, Andrew McFarlane, Cedric Neely, William Satterfield, Tammy Watkins, Sherry Ritchie, Kerry Brown, Jonny Sikes, Eugene Atherton

May call: All witnesses identified by Defendants.

**For Defendants Joseph Catanzariti and Caleb Harrison:**

Will call: Joseph Catanzariti, Caleb Harrison.

May call: Steve Upton, Andrew McFarlane, Nathaniel Milton, Melvin Wells, Darryl

Davis, Gary Mitchell, John Jones, Candice Hill, Retania Harvey, Derius Attical, Joshua

Eason, Tracy Sands, Miguel Jackson, Kelvin Stevenson

16.    All documents and physical evidence that may be tendered at the trial shall be exhibited to and initialed by opposing parties <u>prior to the pretrial conference</u>.  All evidence shall be marked by the parties prior to the pretrial conference, and <u>the parties are encouraged to submit a joint exhibit list on a form supplied by the Clerk</u>.  If separate exhibit lists are submitted, they shall be submitted on the forms supplied.  Duplications of exhibits should be avoided to the extent practicable.  Exhibit lists should be submitted to the Court at the pretrial conference.  The material therein shall be identified as follows:

(a)    A list of documents and physical evidence submitted as joint exhibits.

(b)    Where separate lists are being submitted, a list of documents and physical evidence to be introduced by the plaintiff(s).  Copies of such exhibits shall be provided to counsel for each other party.
Objections and reasons therefor shall be stated in writing and be filed five (5) days prior to the time of the pretrial conference.  <u>Items not objected to will be admitted when tendered at trial.</u>

(c)    Where separate lists are being submitted, a list of documents and physical evidence to be introduced by the defendant(s).  Copies of such exhibits shall be provided to counsel for each other party.

Objections and reasons therefor shall be stated in writing and be filed five (5) days prior to the time of the pretrial conference.  <u>Items not objected to will be admitted when tendered at trial.</u>

(d)    Any document or other physical evidence listed by any party and not objected to, or to which objections have been overruled, may be received in evidence on offer by any other party, in the event the listing party does not actually offer it into evidence.

(e)    The foregoing shall not be deemed or construed to expand or limit the rules relating to the admissibility of evidence generally.

NOTE:    COUNSEL MUST SUBMIT TO THE COURTROOM DEPUTY CLERK <u>FOUR</u> COPIES OF THE TYPED EXHIBIT LIST PRIOR TO JURY SELECTION.  All exhibits shall be cross-initialed by the attorneys for the parties and properly tagged as required by the Local Rules of this District.  This cross-initialing procedure shall be

completed when counsel meet to confer on the preparation of the pretrial order.

17.    List all witnesses whose testimony by deposition will or may be offered by each party and the specific deposition pages and lines to be offered. All objections by opposing parties to any portions of the deposition(s) shall be set forth with specific reference to the portion of the testimony objected to and the basis therefor.

For Plaintiff:

Plaintiffs have attempted to locate several witnesses to date. Three inmate witnesses remain pursuant to the witness list within the Pretrial Order, including Travis Cratic, Cedric Neely and Sean Thomas. (ECF 406, Status Update Inmate Witnesses' Locations). Testimony from these witnesses may be by deposition at trial per Rule 32 of the Federal Rules of Civil Procedure. Notably, regarding witness Travis Cratic's deposition, pages to be recited include *inter alia*: 13-16; 19-25; 28-39; 43; 58-60. Regarding witness Sean Thomas's deposition, pages to be recited include *inter alia*: 13- 23; 26-32; 39-44; 48-52; 58; 68. Regarding witness Cedric Neely's deposition, pages to be recited include, *inter alia*: 17; 22; 24-28; 30-36; 38-47; 50-51; 53-54; 62-65; 70-71; 73-75; 83-85; 87:91; 93; 101-102.

For Defendants:

Defendants reserve all objections to use of deposition testimony where there is no showing of unavailability of the witness and inability to preserve testimony by trial deposition, and where timely deposition designations have not been provided.

(a)    Prior to trial, counsel shall confer to eliminate all extraneous, redundant, and unnecessary matter, lapses, and colloquy between counsel in the deposition excerpts. Counsel shall also attempt to resolve all objections to deposition testimony to be offered.

(b)    The parties shall, if practicable, conform deposition exhibit numbers in trial questions and testimony to the numbers of trial exhibits.

For Plaintiffs:

Plaintiffs anticipate that pursuant to Rule 32 of the Federal Rules of Civil Procedure that the above-named witnesses in number 17, may be offered by deposition at trial.

**For Defendants:**

Previously the parties discussed and agreed that they did not anticipate that any witness testimony will be offered by deposition at trial. *See* Doc. 361 at 12. Defendants reserve all objections to use of deposition testimony as stated above.

**18.    Each party shall separately provide a memorandum of authorities as to any questions of law likely to arise at the trial, including the merits of plaintiff(s)' claim, defenses asserted, matters of evidence, etc.**

**For Plaintiffs:**

Plaintiffs have filed the following motions to streamline the trial regarding evidence and witnesses: ECF 407, Motion to Streamline by Invoking Rule 611; ECF 406, Status Update Inmate Witnesses' Locations;  ECF 405, Supplemental Motion *in Limine* to preclude any Defendant from offering evidence of witnesses' arrest records, convictions, or sentences, that are beyond ten years; ECF 411 (Plaintiff Miguel Jackson) and ECF 408 (Plaintiff Kelvin Stevenson) objecting to evidence offered by Defendants at trial. Plaintiff will file more motions on or before the deadline.   Plaintiffs will supplement these motions by identifying specific exhibits of Defendants that apply to each respective motion.

**For Defendants:**

Defendants will respond to the referenced motions and to Plaintiffs' motions *in limine* but do not anticipate filing a memorandum of authorities as to questions of law.

**19.    Plaintiff(s)' counsel estimates ____2____ (days) (hours) to present plaintiff(s)' case; defendant(s)' counsel estimates ____2____ (days) (hours) to present the defense.**

**20.    Plaintiff(s) _x___ has ____ not offered to settle.**

         **Defendant(s) _x__ has ____ has not offered to settle.**

- 13 -

**It appears at this time that there is**

    **____ A good possibility of settlement.**
    **____ Some possibility of settlement.**
    **_ x _ No possibility of settlement.**

**The parties ____ do _ x _ do not wish to confer with the Court regarding settlement.**

**21.   State any other matters which should be covered by pretrial order, including rulings desired of the Court prior to trial.**

N/A.

**22.   State whether or not the issues of liability and damages should be tried separately (bifurcated) and give any other suggestion toward shortening the trial.  Where bifurcation is opposed by any party, such party shall state the reasons for such opposition.**

The parties do not request bifurcation of the issues of liability and damages.

**23.   In cases where either party requests bifurcation of issues or a special verdict, submit a copy of the proposed verdict as PLAINTIFF'S ATTACHMENT "C" and/or DEFENDANT'S ATTACHMENT "C" hereto.  Lead counsel are to discuss and agree on such special verdict where possible.  Where agreement is not reached, state the basis for any objections to the special verdict request.**

See Attachments C-1, C-2, and C-3 hereto.

**24.   In non-jury cases, the parties shall each file their proposed findings of fact, summary of depositions, and conclusions of law not later than one week prior to the assigned trial date.**

**25.   The final proposed pretrial order shall be signed by counsel for each party and shall contain a final paragraph, as follows:**

Dated:  February 17, 2023

                              **FOR PLAINTIFFS MIGUEL JACKSON AND KELVIN STEVENSON**

                              s/ Mario Williams
                              Mario Williams
                              Georgia Bar No. 235254

                              HDR, LLC
                              The Historic Grant Building

44 Broad Street NW, Suite 200
Atlanta, GA 30303
Tel: (404) 654-0288
Fax: (404) 592-6225
Email: mario@goodgeorgialawyer.com

**FOR DEFENDANTS JOSEPH CATANZARITI AND
CALEB HARRISON**

CHRISTOPHER M. CARR   112505
Attorney General

LORETTA L. PINKSTON-POPE 580385
Deputy Attorney General

s/ Roger A. Chalmers _____ 118720
Roger A. Chalmers
Senior Assistant Attorney General

s/ Jason S. Knowles _____
Jason S. Knowles            574115
Assistant Attorney General

State Law Department
40 Capitol Square SW
Atlanta, GA  30334
Tel: (404) 458-3220
Fax: (404) 651-5304
Email: rchalmers@law.ga.gov
        jknowles@law.ga.gov

**IT IS HEREBY ORDERED** that the foregoing constitutes a **PRETRIAL ORDER** in the above case(s), that it supersedes the pleadings which are hereby amended to conform hereto and that this **PRETRIAL ORDER** shall not be amended except by **ORDER OF THE COURT.**

This 13ᵗʰ day of ____June____, 2023.

J. Randal Hall
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

David E. Betts
Mark H. Glidewell
Annarita McGovern
Mario Bernard Williams

This 17th day of February, 2023.

s/ Roger A. Chalmers
Roger A. Chalmers

## ATTACHMENT A

### Proposed Stipulations of Fact

1. On December 31, 2010, Plaintiffs Miguel Jackson and Kelvin Stevenson were state prisoners at Smith State Prison in Glennville, Georgia, assigned to the D-2 dormitory.

2. On December 31, 2010, Defendants Joseph Catanzariti and Caleb Harrison were state correctional officers working at Smith State Prison.

3. In the incidents which occurred at Smith State Prison on December 31, 2010, each of the Defendants acted under color of state law.

4. This lawsuit involves claims of alleged use of excessive force and claims of alleged failure to intervene in use of excessive force, by the Defendants against the Plaintiffs: (1) inside the D-2 dormitory; and (2) outside of the D-2 dormitory during an escort to the prison medical unit.

**ATTACHMENT B**

**Proposed Questions to the Jurors**
**Regarding Their Legal Qualifications**

1. Is there anyone who is not a citizen of the United States?

2. Is there anyone who is under the age of 18 years?

3. Is there anyone who has not resided within the Southern District of Georgia for more than one year?

4. Is there anyone who believes that they are unable to listen to and understand the attorneys and witnesses in this case for any reason?

5. Is there anyone who has felony charges pending against them?

6. Is there anyone who has been convicted of a felony and has not had their civil rights restored?

7. Are any of you related by blood or marriage to or acquainted with any other person on this panel?

8. Are any of you related by blood or marriage to or acquainted with either of the plaintiffs, Miguel Jackson or Kelvin Stevenson?

9. Are any of you related by blood or marriage to or acquainted with or do you know the defendants Joseph Catanzariti or Caleb Harrison?

10. Are any of you related by blood or marriage to or acquainted with or do you know any of the following persons who may be called as witnesses: [read from witness lists]

**ATTACHMENT B-1**

**Defendant's Proposed General Voir Dire Questions**

1. Do any of you know anything about this case other than what you have heard in this courtroom today?

2. Have any of you ever served on a jury?  If so, was it in State or Federal court, was it a criminal or a civil case, and did you reach a verdict?

3. Have any of you ever been a party to a lawsuit or a witness in a legal proceeding?

4. Of those who answered yes to the last question, how many have filed a lawsuit against a governmental agency or institution, or a government employee for his on-the-job actions?

5. Do any of you believe that when someone is injured they deserve some compensation regardless of the causes or circumstances of the injury?

6. Do any of you believe that when someone files a lawsuit they deserve some compensation regardless of the circumstances of the case?

7. Do any of you have medical training or have any of you ever worked in the medical field such as in a hospital or doctor's office?

8. Do any of you have legal training or have any of you ever worked in the legal field such as in a law office?

9. Have you or any close friend or family member received training in law enforcement or corrections, or have you worked in law enforcement or in a correctional facility, a prison or a jail?

10. Have you or a close family member had an experience in which you believe you or the family member was treated harshly or unfairly by a law enforcement officer?

11. Have you or any friend or relative ever filed any type of claim alleging a violation of

your civil or constitutional rights?

12. Is any member of the jury panel currently collecting disability benefits?

13. Has any member of the jury panel ever been inside a state prison in Georgia for any reason? If so, please tell which prison it was, when you were there, and the purpose of your entry into the prison?

14. Do any of you have negative feelings about law enforcement or the correctional system?

15. Have you or any close friend or family member ever been arrested or incarcerated?

16. Have you or any close friend or family member ever had a negative experience, or do any of you have negative feelings about, law enforcement, corrections officers or the correctional system?

17. Do any of you have strong feelings, attitudes or opinions about corrections officers or officials or how prisons or jails are run?

18. Have any of you read or heard any news reports about prisons or prisoner treatment?

19. Do any of you know of any reason why you cannot fairly and impartially decide this case based only on the evidence that is presented by the parties and the law that is provided to you by the Court, if you are selected to serve on the jury?

20. Do any of you feel strongly, for whatever reason, that you cannot or do not want to serve as a juror in this case?

**ATTACHMENT B-2**

**Plaintiff's Proposed General Voir Dire Questions**

1. Do any of you know anything about this case other than what you have heard in this courtroom today?

2. Have any of you ever served on a jury? If so, was it in State or Federal court, was it a criminal or a civil case, and did you reach a verdict?

3. Have any of you ever been a party to a lawsuit or a witness in a legal proceeding?

4. Of those who answered yes to the last question, how many have filed a lawsuit against a governmental agency or institution, or a government employee for his on-the-job actions?

5. Have any of you known or know anyone who is or has worked as an employee inside a prison?

6. Do any of you believe that when someone is injured they deserve some compensation regardless of the causes or circumstances of the injury?

7. Do any of you believe that when someone files a lawsuit they deserve some compensation regardless of the circumstances of the case?

8. Do any of you believe that a prisoner gets what he deserves if injured by a guard because the prisoner should have never committed a crime that landed him in prison?

9. Do you believe a prisoner recovery in a lawsuit depends on what crime he committed that landed him in prison?

10. Do any of you have medical training or have any of you ever worked in the medical field such as in a hospital or doctor's office?

11. Do any of you have legal training or have any of you ever worked in the legal field such as in a law office?

-1-

12. Have you or any close friend or family member received training in law enforcement or corrections, or have you worked in law enforcement or in a correctional facility, a prison or a jail?

13. Have you or a close family member had an experience in which you believe you or the family member was treated harshly or unfairly by a law enforcement officer?

14. Do any of you believe that a prisoner's constitutional rights are less than a free person's?

15. Have you or any friend or relative ever filed any type of claim alleging a violation of your civil or constitutional rights?

16. Is any member of the jury panel currently collecting disability benefits?

17. Has any member of the jury panel ever been inside a state prison in Georgia for any reason?  If so, please tell which prison it was, when you were there, and the purpose of your entry into the prison?

18. Do any of you have negative feelings about law enforcement or the correctional system?

19. Have you or any close friend or family member ever been arrested or incarcerated?

20. Have you or any close friend or family member ever had a negative experience, or do any of you have negative feelings about, law enforcement, corrections officers or the correctional system?

21. Do any of you have strong feelings, attitudes or opinions about corrections officers or officials or how prisons or jails are run?

22. Have any of you read or heard any news reports about prisons or prisoner treatment?

23. Do any of you know of any reason why you cannot fairly and impartially decide this case based only on the evidence that is presented by the parties and the law that is provided to you by the Court, if you are selected to serve on the jury?

24. Do any of you feel strongly, for whatever reason, that you cannot or do not want to serve as a juror in this case?

ATTACHMENT C-1

**Proposed Verdict Form**

**Defendants Joseph Catanzariti, Caleb Harrison, Timothy Simmons, Sheldon Deloach, Michael Deloach, Jarrod Bennett, and Gordon Pittman**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

MIGUEL JACKSON and KELVIN       )
STEVENSON,                       )
                                 )
    Plaintiffs,          )
                                 )
v.                               )   CIVIL ACTION NO.
                                 )   6:12-cv-113
JOSEPH CATANZARITI, *et al.*,    )
                                 )
    Defendants.          )

## <u>VERDICT</u>

### DEFENDANT [      ]

**Do you find from a preponderance of the evidence:**

1.    That Defendant [    ] used force against Plaintiff [      ] in the incident on December 31, 2010 <u>and</u> that the force used by Defendant [    ] was malicious and sadistic for the purpose of causing harm and not applied in a good faith effort to maintain or restore discipline?

    Answer Yes or No _____

2.    That Defendant [ ] was present when someone else used force that was malicious and sadistic for the purpose of causing harm and not applied in a good faith effort to maintain or restore discipline, <u>and</u> that Defendant [    ] had the time, ability and opportunity to stop the use of force.

    Answer Yes or No _____

    If your answer is "No" to questions 1. and 2., this ends your deliberations with respect to Defendant [    ] and the Foreperson should sign and date this verdict form at the bottom of the next page. If your answer is "Yes" to question 1. or 2., please go to question 3.

3.    That Defendant [    ] caused Plaintiff [    ] to suffer a physical injury that was more serious than a minor injury?

    Answer Yes or No _____

    If your answer is "No," this ends your deliberations with respect to Defendant [    ] except you may award nominal damages of $1 in question 5. below and you may answer

question 6. below, and the Foreperson should sign and date this verdict form at the bottom of the next page.  If your answer is "Yes," please answer questions 4-6.

4.      That Plaintiff [        ] should be awarded compensatory damages against Defendant [   ] to compensate Plaintiff [        ] for physical injury?

Answer Yes or No _____

If your answer is "Yes,"

in what amount? $_____

5.      That Plaintiff [        ] should be awarded compensatory damages against Defendant [   ] to compensate Plaintiff [        ] for emotional injury? (Note: This can only be awarded if you answer "Yes" to question 2. above.)

Answer Yes or No _____

If your answer is "Yes,"

in what amount? $_____

**OR**

That Plaintiff  [        ] should be awarded nominal damages of $1 against Defendant [ ]?

Answer Yes or No _____

6.      That Defendant [      ] acted with malice or reckless indifference to Plaintiff [      ] federally protected rights and that punitive damages should be assessed against Defendant [     ]?

Answer Yes or No _____

If your answer is "Yes,"

in what amount? $_____

This ends your deliberations.  The foreperson should sign and date this form.

SO SAY WE ALL.

DATED:        _____        _____
                                                                    Foreperson

**ATTACHMENT C-2**

**Proposed Verdict Form**

**Defendant Derius Attical**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

| | | |
|---|---|---|
| MIGUEL JACKSON and KELVIN STEVENSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 6:12-cv-113 |
| JOSEPH CATANZARITI, *et al.*, | ) ) | |
| Defendants. | ) ) | |

## VERDICT

### DEFENDANT DERIUS ATTICAL

**As to the claims of Plaintiff Kelvin Stevenson, do you find from a preponderance of the evidence:**

1. That Defendant Derius Attical used force against Plaintiff Kelvin Stevenson in the incident on December 31, 2010 <u>and</u> that the force used by Defendant Derius Attical was malicious and sadistic for the purpose of causing harm and not applied in a good faith effort to maintain or restore discipline?

   Answer Yes or No _____

2. That Defendant Derius Attical was in a position to prevent someone else from using force that was malicious and sadistic for the purpose of causing harm and not applied in a good faith effort to maintain or restore discipline and failed or refused to intervene

   Answer Yes or No _____

   If your answer is "No" to both Questions 1 and 2, this ends your deliberations with respect to Defendant Derius Attical and the Foreperson should sign and date this verdict form at the bottom of the next page. If your answer is "Yes" to wither question 1 or 2, please go to question 3.

3. That Defendant Derius Attical caused Plaintiff Kelvin Stevenson to suffer a physical injury that was more serious than a minor injury?

   Answer Yes or No _____

If your answer is "No," this ends your deliberations with respect to Defendant Derius Attical except you may award nominal damages of $1 in question 4 below and you may answer question 5. below, and the Foreperson should sign and date this verdict form at the bottom of the next page.  If your answer is "Yes," please answer questions 3-5.

4.    That Plaintiff Kelvin Stevenson should be awarded compensatory damages against Defendant Derius Attical] to compensate Plaintiff Kelvin Stevenson for physical injury?

Answer Yes or No _____

If your answer is "Yes,"

in what amount? $_____

5.    That Plaintiff Kelvin Stevenson should be awarded compensatory damages against Defendant Derius Attical] to compensate Plaintiff Kelvin Stevenson for emotional injury? (Note: This can only be awarded if you answer "Yes" to question 2. above.)

Answer Yes or No _____

If your answer is "Yes,"

in what amount? $_____

**OR**

That Plaintiff Kelvin Stevenson should be awarded nominal damages of $1 against Defendant Derius Attical]?

Answer Yes or No _____

6.    That Defendant Derius Attical acted with malice or reckless indifference to Plaintiff Kelvin Stevenson federally protected rights and that punitive damages should be assessed against Defendant [    ]?

Answer Yes or No _____

If your answer is "Yes,"

in what amount? $_____

**As to the claims of Plaintiff Miguel Jackson, do you find from a preponderance of the evidence:**

7. That Defendant Derius Attical used force against Plaintiff Miguel Jackson in the incident on December 31, 2010 and that the force used by Defendant Derius Attical was malicious and sadistic for the purpose of causing harm and not applied in a good faith effort to maintain or restore discipline?

   Answer Yes or No _____

8. That Defendant Derius Attical was in a position to prevent someone else from using force that was malicious and sadistic for the purpose of causing harm and not applied in a good faith effort to maintain or restore discipline and failed or refused to intervene

   If your answer is "No" to both Questions 7 and 8, this ends your deliberations with respect to Defendant Derius Attical and the Foreperson should sign and date this verdict form at the bottom of the next page. If your answer is "Yes," please go to question 9.

9. That Defendant Derius Attical caused Plaintiff Miguel Jackson to suffer a physical injury that was more serious than a minor injury?

   Answer Yes or No _____

   If your answer is "No," this ends your deliberations with respect to Defendant Derius Attical except you may award nominal damages of $1 in question 4 below and you may answer question 5. below, and the Foreperson should sign and date this verdict form at the bottom of the next page.  If your answer is "Yes," please answer questions 3-5.

10. That Plaintiff Miguel Jackson should be awarded compensatory damages against Defendant Derius Attical] to compensate Plaintiff Miguel Jackson for physical injury?

    Answer Yes or No _____

    If your answer is "Yes,"

    in what amount? $_____

11. That Plaintiff Miguel Jackson should be awarded compensatory damages against Defendant Derius Attical] to compensate Plaintiff Miguel Jackson for emotional injury? (Note: This can only be awarded if you answer "Yes" to question 2. above.)

    Answer Yes or No _____

- 3 -

If your answer is "Yes,"

in what amount? $_____

**OR**

That Plaintiff Miguel Jackson should be awarded nominal damages of $1 against Defendant Derius Attical]?

Answer Yes or No _____

12.    That Defendant Derius Attical acted with malice or reckless indifference to Plaintiff Miguel Jackson federally protected rights and that punitive damages should be assessed against Defendant [    ]?

Answer Yes or No _____

If your answer is "Yes,"

in what amount? $_____

This ends your deliberations.  The foreperson should sign and date this form.

SO SAY WE ALL.

DATED:      _____      _____
                                                          Foreperson

**ATTACHMENT C-3**

**Proposed Verdict Form**

**Defendant Joshua Eason**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| MIGUEL JACKSON and KELVIN STEVENSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 6:12-cv-113 |
| JOSEPH CATANZARITI, *et al.*, | ) ) | |
| Defendants. | ) | |

## VERDICT

### DEFENDANT JOSHUA EASON

**As to the claims of Plaintiff Kelvin Stevenson, do you find from a preponderance of the evidence:**

1. That Defendant Joshua Eason was in a position to prevent someone else from using force that was malicious and sadistic for the purpose of causing harm and not applied in a good faith effort to maintain or restore discipline and failed or refused to intervene during the escort of Kelvin Stevenson outside of the D-2 dormitory on December 31, 2010?

   Answer Yes or No _____

   If your answer is "No" to both Questions 1 and 2, this ends your deliberations with respect to Defendant Joshua Eason and the Foreperson should sign and date this verdict form at the bottom of the next page. If your answer is "Yes" to wither question 1 or 2, please go to question 3.

2. That Defendant Joshua Eason caused Plaintiff Kelvin Stevenson to suffer a physical injury that was more serious than a minor injury?

   Answer Yes or No _____

   If your answer is "No," this ends your deliberations with respect to Defendant Joshua Eason except you may award nominal damages of $1 in question 4 below and you may answer question 5. below, and the Foreperson should sign and date this verdict form at the bottom of the next page. If your answer is "Yes," please answer questions 3-5.

3.     That Plaintiff Kelvin Stevenson should be awarded compensatory damages against Defendant Joshua Eason to compensate Plaintiff Kelvin Stevenson for physical injury?

    Answer Yes or No _____

    If your answer is "Yes,"

    in what amount? $_____

4.     That Plaintiff Kelvin Stevenson should be awarded compensatory damages against Defendant Joshua Eason to compensate Plaintiff Kelvin Stevenson for emotional injury? (Note: This can only be awarded if you answer "Yes" to question 3 above.)

    Answer Yes or No _____

    If your answer is "Yes,"

    in what amount? $_____

    **OR**

    That Plaintiff Kelvin Stevenson should be awarded nominal damages of $1 against Defendant Joshua Eason

    Answer Yes or No _____

5.     That Defendant Joshua Eason acted with malice or reckless indifference to Plaintiff Kelvin Stevenson's federally protected rights and that punitive damages should be assessed against Defendant Eason.

    Answer Yes or No _____

    If your answer is "Yes,"

    in what amount? $_____

**As to the claims of Plaintiff Miguel Jackson, do you find from a preponderance of the evidence:**

6.     That Defendant Joshua Eason used force against Plaintiff Jackson during the escort of Plaintiff Jackson outside of the D-2 dormitory during the incident on December 31, 2010 and that the force used by Defendant Joshua Eason was malicious and sadistic for the

purpose of causing harm and not applied in a good faith effort to maintain or restore discipline?

Answer Yes or No _____

7. That Defendant Joshua Eason was in a position to prevent someone else from using force that was malicious and sadistic for the purpose of causing harm and not applied in a good faith effort to maintain or restore discipline and failed or refused to intervene during the escort of Plaintiff Jackson outside of the D-2 dormitory during the incident on December 31, 2010.

Answer Yes or No _____

If your answer is "No" to both Questions 6 and 7, this ends your deliberations with respect to Defendant Joshua Eason and the Foreperson should sign and date this verdict form at the bottom of the next page. If your answer is "Yes," please go to question 8.

8. That Defendant Joshua Eason caused Plaintiff Miguel Jackson to suffer a physical injury that was more serious than a minor injury?

Answer Yes or No _____

If your answer is "No," this ends your deliberations with respect to Defendant Joshua Eason except you may award nominal damages of $1 in question 10 below and you may answer question 9 below, and the Foreperson should sign and date this verdict form at the bottom of the next page.  If your answer is "Yes," please answer questions 9-11.

9. That Plaintiff Miguel Jackson should be awarded compensatory damages against Defendant Joshua Eason to compensate Plaintiff Miguel Jackson for physical injury?

Answer Yes or No _____

If your answer is "Yes,"

in what amount? $_____

10. That Plaintiff Miguel Jackson should be awarded compensatory damages against Defendant Joshua Eason to compensate Plaintiff Miguel Jackson for emotional injury? (Note: This can only be awarded if you answer "Yes" to question 9 above.)

Answer Yes or No _____

If your answer is "Yes,"

- 3 -

in what amount? $_____

**OR**

That Plaintiff Miguel Jackson should be awarded nominal damages of $1 against Defendant Joshua Eason?

Answer Yes or No _____

11. That Defendant Joshua Eason acted with malice or reckless indifference to Plaintiff Miguel Jackson federally protected rights and that punitive damages should be assessed against Defendant Joshua Eason?

Answer Yes or No _____

If your answer is "Yes,"

in what amount? $_____

This ends your deliberations.  The foreperson should sign and date this form.

SO SAY WE ALL.

DATED: _____          _____
                               Foreperson

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | | |
|---|---|---|
| MIGUEL JACKSON and ALEXIAS E. STEVERSON, as the Legal Guardian of KELVIN STEVENSON, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 6:12-cv-113 |
| JOSEPH CATANZARITI and CALEB HARRISON, | ) ) ) | |
| Defendants. | ) ) | |

## AMENDMENT TO PROPOSED CONSOLIDATED PRETRIAL ORDER

Plaintiffs Miguel Jackson and Alexias E. Steverson, and Defendants Joseph Catanzariti and Caleb Harrison, by and through their respective undersigned counsel, and pursuant to the Court's direction at the pretrial conference on March 16, 2023 and the Court's further instruction by order entered May 16, 2023 (Doc. 451), submit the following amendments to their Proposed Consolidated Pretrial Order (Doc. 412) for the jury trial of this matter which is now set for June 12, 2023.

The Proposed Consolidated Pretrial Order (Doc. 412) is amended only in paragraphs 5 and 15, and only as follows:

**5.      List any motions or other matters in the case which remain unresolved.  Any motion not so enumerated shall be deemed withdrawn by the moving party.**

The following motions are pending:

**Defendants:**

| ECF / Document Number | Motion |
|---|---|
| 342 | Motion *in Limine* |

| 364 | Objection to Trial Exhibits |
| | |
| 419 | Objection to Deposition Designations, and Counter Designations |
| 452 | Supplemental Objections to Deposition Designations, and Counter Designations |

In addition to the foregoing, Defendants object to the following exhibits listed on Plaintiff's amended exhibit list filed on March 9, 2023 (Doc. 426): 1 (relevance, hearsay); 6 (relevance); 19-24 (continuing witness objection to use of deposition as substantive evidence; Defendants also incorporate their objections to Plaintiff's deposition designations (Docs. 419, 420, 422); 26 (relevance, hearsay); 27 (relevance, hearsay); 28, 30, 31 (relevance, hearsay, authenticity; Defendants also incorporate their motion *in limine* objection to the attempted use of this expert witness testimony and evidence (Doc. 342-1 at 8-10)); 32, 33, 34 (relevance, hearsay); 35 (relevance, hearsay, authenticity); 36 (relevance, hearsay, authenticity); 37 (relevance).

**Plaintiffs:**

| ECF / Document Number | Motion |
| --- | --- |
| 367 | Motion *in Limine* and Objections (Plaintiffs M. Jackson and A.E. Steverson) |
| 369 | Amended 367 Motion *in Limine* and Objections (Plaintiffs M. Jackson and A.E. Steverson) |
| 370 | Objections to Trial Exhibits (Plaintiffs M. Jackson and A.E. Steverson) |
| 404 | Supplemental Motion *in Limine* (Crim. History) (Plaintiffs M. Jackson and A.E. Steverson) |
| 405 | Motion *in Limine* and Objections to Certain Evidence Offered by Defendants at Trial (Plaintiff M. Jackson) |

| | |
|---|---|
| 407 | Motion to Streamline Trial by Invoking Rule 611 (Plaintiffs M. Jackson and A.E. Steverson) |
| 408 | Motion *in Limine* and Objections to Certain Evidence Offered by Defendants at Trial (Plaintiff A.E. Steverson) |
| 409 | Motion *in Limine* and Objections to Certain Evidence Offered by Defendants at Trial (Plaintiff M. Jackson) |
| 410 | Motion to Strike 405 Motion *in Limine* and Objections to Certain Evidence Offered by Defendants at Trial (Plaintiff M. Jackson) |
| 414 | Motion *in Limine* to Limit/Exclude Certain Trial Evidence Pursuant to Certain Video Evidence (Plaintiffs M. Jackson and A.E. Steverson) |
| 417 | Supplement to Motions *in Limine* (ECFs 404, 408, 409, 414) (Plaintiffs M. Jackson and A. E. Steverson) |

In addition to the foregoing, Plaintiffs object to the following exhibits by Defendants, *inter alia*: (ECF 370) Exs: 1-6, Criminal History (relevance, *see* Fed. R. Evid. 402, 403, 609); Ex. 16: Tom Durden Letter (confusing issues, *see* Fed. R. Evid. 403); Ex. 10: Tracy Sands Memorandum (hearsay, *see* Fed R. Evid 401, 402, 403); Ex. 11, Photos of alleged contraband (confusing issues, prejudicial, *see* Fed. R. Evid. 401, 403, 404).

Plaintiffs also reassert their objections to any use of irrelevant video or other irrelevant evidence, including Defendants' offering or using any evidence other than evidence that bears on the issue of whether Defendants struck Plaintiffs while they were handcuffed/restrained/compliant as established by incontrovertible video evidence.

Further, Plaintiffs also object to the use of the following evidence, *inter alia*, particularly because the exclusion of this evidence is required under Rules 402, 403,

609(b) of the Federal Rules of Evidence: **1)** Testimony from the Deposition of Defendant Joseph Luther Catanzariti, pages and lines: 43:20-44; 45-57; 58:25-59:25; 60:05-25; 61:24,25-64:25; 66-71; 73-74:03; 83:17-84:04; 85-86; 92-93:07; 95-99:17; 100-102; 103-107:02; 109; 111-113; 115-116; 117:23-118:25; 125:18-126:25; 127-130; 136-138; 139; 142-143; 147-149; 157:16-24; 158:10-159:02; 175-176; 179; 181:15-17; 183:22-185:20; 202:17-204:20; 206:06-12; 206:24-207:10; 211; and 212-213:12, *inter alia*; **2)** Testimony from the Deposition of Retainia Harvey, pages: 15-19; 60-63; and 70-71, *inter alia*; and **3)** Testimony from the Deposition of Candice Denise Hill, pages: 20-22; 30; 40; 54-67; 151; and 153-156, *inter alia*.


There are no other pending motions.


**15.** Under this paragraph, both plaintiff(s) and defendant(s) should separately list the witnesses whom each <u>will</u> have present at the trial and those whom each <u>may</u> have present at the trial. Witnesses intended to be used solely for impeachment shall be listed; however, if a party has a genuine reason for not listing and disclosing an impeachment witness, such party may address the Court *ex parte* and seek a ruling as to whether disclosure may be properly withheld. A representation that a party <u>will</u> have a witness present may be relied on by the opposing party unless notice to the contrary is given in sufficient time prior to trial to allow the opposing party to subpoena the witness or obtain his testimony. If a witness is not listed when the proposed pretrial order is filed, the Court will not allow the addition of a witness by any party, EXCEPT for providential or other good cause shown to the Court by application for amendment to this Order.

> **NOTE:** COUNSEL MUST SUBMIT TO THE COURTROOM DEPUTY CLERK <u>FOUR</u> COPIES OF THE TYPED WITNESS LIST PRIOR TO JURY SELECTION.

**For Plaintiffs:**

**Will call:** Miguel Jackson, Joseph Cantanzarti, Travis Cratic, Clinton M. Briscoe, William Pate, Derius Attical, Joshua Eason, Caleb Harrison, Timothy Simmons,

Christopher Henderson, George R. Anderson, Cedric Neely, William Satterfield, Eugene Atherton and all witnesses identified by Defendants.

**May call:** Candice Hill, Darryl Davis, Retainia Harvey, Sherry Ritchie, Andrew McFarlane. Plaintiff may also read Kelevin Stevenson's deposition as he is unavailable for trial.

It is the intent of the parties that the Proposed Consolidated Pretrial Order (Doc. 412), as amended herein, shall constitute the Pretrial Order for this case which is to be tried on June 12, 2023.

Dated: May 26, 2023

**FOR PLAINTIFFS MIGUEL JACKSON AND ALEXIAS E. STEVERSON**

s/ Mario Williams
Mario Williams
Georgia Bar No. 235254

**HDR, LLC**
The Historic Grant Building
44 Broad Street NW, Suite 200
Atlanta, GA 30303
Tel: (404) 654-0288
Fax: (404) 592-6225
Email: mwilliams@hdrattorneys.com
Email: admin@hdrattorneys.com

s/ DAVID BETTS
David E. Betts
Georgia Bar No. 055850

**BETTS & ASSOCIATES**
The Historic Grant Building
44 Broad Street NW, Suite 200
Atlanta, GA 30303
Tel: (404) 654-0288
Fax: (404) 592-6225
Email: davidbetts@bettslaw.net

**FOR DEFENDANTS JOSEPH CATANZARITI AND CALEB HARRISON**

CHRISTOPHER M. CARR   112505
Attorney General

LORETTA L. PINKSTON-POPE 580385
Deputy Attorney General

s/ Roger A. Chalmers          118720
Roger A. Chalmers
Senior Assistant Attorney General

s/ Jason S. Knowles
Jason S. Knowles              574115
Assistant Attorney General

State Law Department
40 Capitol Square SW
Atlanta, GA  30334
Tel: (404) 458-3220
Fax: (404) 651-5304
Email: rchalmers@law.ga.gov
        jknowles@law.ga.gov

**IT IS HEREBY ORDERED** that the Proposed Consolidated Pretrial Order (Doc. 412), as amended above, constitutes a **PRETRIAL ORDER** in the above case(s), that it supersedes the pleadings which are hereby amended to conform hereto and that this **PRETRIAL ORDER** shall not be amended except by **ORDER OF THE COURT.**

This 13th day of _____ June _____, 2023.

J. Randal Hall
UNITED STATES DISTRICT JUDGE

- 6 -

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

David E. Betts
Mark H. Glidewell
Annarita McGovern
Mario Bernard Williams

This 26th day of May, 2023.

s/ Roger A. Chalmers
Roger A. Chalmers