UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| MIGUEL JACKSON and KELVIN STEVENSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 6:12-cv-113 |
| JOSEPH CATANZARITI, *et al.*, | ) ) | |
| Defendants. | ) | |

### DEFENDANT JOSHUA EASON'S BRIEF IN SUPPORT OF HIS MOTION FOR SANCTIONS

COMES NOW Defendant Joshua Eason, by and through undersigned counsel, and files this his brief in support of his Motion for Sanctions pursuant to 28 USC § 1927 and the inherent authority of the Court, and seeks sanctions, including but not limited to costs and attorneys' fees for Defendant of Eason in the above-styled case, and shows the Court the following.

### I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiffs filed their complaint in the above styled case on December 10, 2012. Doc. 1. The case has been actively litigated since that time, and plaintiff took approximately 18 depositions, for which transcripts were ordered by counsel

for Eason. See Bill of Costs, Doc.498. The transcript invoices and firm billing statements filed with the Bill of Costs reflect the expense for the transcript costs. The total amount documented for transcript costs and copying costs as demonstrated in the Bill of Costs and accompanying documents, totals $11,636.81.

The parties in this case had their joint trial preparation conference on October 6, 2021, and submitted a report to the Court regarding the issues addressed. Doc. 328. This meeting triggered subsequent deadlines for the filing of a joint pretrial order, witness lists, and exhibit lists. Following submission of the report, the parties were *required* to file a consolidated proposed pretrial order on March 22, 2022. Doc. 330. The first pretrial conference was set for April 18, 2022, and the first trial setting was for May 16, 2022. Supra. The case was reassigned from Judge Baker to Judge Hall, and the trial date was rescheduled to June 13, 2022. Doc. 331.

*All defendants filed their proposed joint pretrial order, motions in limine, exhibit lists, requests to charge, and witness lists on March 22, 2022 as ordered by the Court*. On that same date, plaintiffs' counsel filed a motion for extension of time for pretrial deadlines. Docs. 341-351.The Court granted in part and denied in part plaintiffs' motion to extend pretrial deadlines, requiring submittal of a

consolidated pretrial order by April 22, 2022, and reset the pretrial conference for May 3, 2022. Doc 353.

On April 15, 2022, Plaintiff's counsel filed a motion to stay pretrial deadlines due to contracting Covid. The parties jointly requested a continuance based on the inability to meet due to plaintiff's counsel contracting Covid, and the conflict of certain counsel regarding the trial date. Doc. 355. The Court reset the deadline for the proposed consolidated pretrial order to September 2, 2022. The pretrial conference was set for October 19, 2022, and the jury trial was set for October 24, 2022. Doc. 356.

On September 1, Plaintiffs' counsel again filed a motion for extension of time to file pretrial documents. Doc. 360. ***For the second time, all defense counsel complied with the Court's order and filed their portion of the consolidated pretrial order on September 2, 2022.*** Doc. 361. On September 16, 2022, plaintiffs filed motion in limine, and on September 20, filed additional motions in limine, and objections to trial exhibits, but ***still did not file the plaintiff's portion of the pretrial order***. Docs. 367, 369, 370. Plaintiffs' counsel proceeded to file additional motions in limine and responses to motion in limine, ***but still did not file their portion of the proposed pretrial order, despite having received no extension from the Court from the September 2, 2022, deadline.*** Docs. 379-381.

- 3 -

Then on October 17, 2022, plaintiffs counsel filed a motion to continue the October 24th trial, citing that all counsel for the plaintiffs had contracted Covid. Doc 383. The Court granted this motion and reset the pretrial conference for February 17, 2023, and set trial for March 20, 2023. Doc. 401.

***Finally, on February 17, 2023, nearly one year after defendants had filed their portion of the pretrial order, plaintiffs filed their portion with the Court—although they did not initiate consolidation, as required.*** Doc. 413.

At the pretrial conference before the Court on March 16, 2023, the Friday before trial was to begin, plaintiffs' counsel ***raised the issue for the very first time during the yearslong period of trial preparation, that they believed one of the plaintiffs was incompetent***. Doc. 436. As a result, the Court had no choice but to require counsel to obtain an evaluation and guardianship and to again postpone the trial to June 12, 2023. Doc. 451.

Then on Sunday, June 11 at 1:38 p.m. plaintiff's counsel sent an email indicating he intended to dismiss eight defendants, including Eason. See Exhibit B, Email from Mario Williams. This communication not only came on a Sunday afternoon the day before an out-of-town trial was to begin, but ***15 months after the original pretrial order was submitted to the Court by defendants, eight months***

*after the initial trial setting from October 2022, and after not one, but two pretrial conference appearances*.

Plaintiff's counsel's failure to prepare for the prior two trial settings and determine their trial strategy in regard to the number of defendants, has resulted in significant, unnecessary expenditure of taxpayer funds for the defense of Eason, as well as the personal turmoil for Eason as he was dealing with the traumatic death of a child (a fact counsel was placed on notice of during the pretrial conference). The failure to provide any notice of an intention not to proceed against Eason until the Sunday afternoon prior to an out-of-town trial, was nothing short of vexatious. In fact, since counsel for Eason was already en route to Statesboro at the time the email was sent, no actual notice was received of plaintiff's intention until the morning of trial.

The Court held the pretrial conference for the final trial setting on June 2, 2023—ten days before the scheduled trial--and issued rulings on all outstanding evidentiary issues from the bench on that date. Doc. 469. Lead counsel for plaintiffs **was not present for the pretrial conference**. Regardless, there was more than ample time to make any final determinations regarding strategy and parties for trial in the more than week prior to jury selection. As has been the pattern

throughout this decade-long case, a significant issue arose at the eleventh hour which impacted all parties, defense counsel,and the Court.

Plaintiffs' counsel was aware that two separate conflict attorneys had been hired by DOAS to defend Eason and Attical, and both were involved in pretrial briefing, preparation, and trial preparation **each of the three times** defendants were prepared to proceed with trial.

In fact, plaintiff's failure to prepare their portion of the pretrial order until 15 months after it was ordered by the Court was not merely an egregious disregard for deadlines of the Court, but clearly substantially delayed counsel's evaluation of their case and the necessary parties and witnesses for trial.  Once a pretrial order was submitted, original witness lists included more than 100 exhibits, and even at the final pretrial conference counsel still had 22 will call witnesses listed just days before trial. This not only impacted plaintiffs' preparation, but severely expanded the scope and time needed for defense to prepare examinations of such a large number of witnesses.

Based on the foregoing circumstances and the last-minute attempt at changing the scope of the trial and the parties involved, this Court held an oral hearing and granted judgment for Defendant Eason on June 12, 2023.  Doc. 470. As a result, Eason's Bill of Costs was previously filed to include$11,636.81 in

transcript fees and copy costs for Eason as a prevailing party. Doc. 498. Through this motion and brief, counsel seeks attorneys' fees and additional costs from the time of the March 22, 2022 (the time for filing the initial pretrial order) in the amount of $37, 345.19. See Affidavit of Annarita L. McGovern and Atttachment 1. In the alternative, defendant Eason seeks additional attorneys' fees and costs/expenses from the time of the first pretrial conference, scheduled on the Friday before trial was to begin, on the basis any reasonable attorney would at that time, have already made a determination about which parties, evidence, and witnesses they intended to proceed with at trial. This amount total $14,921.00. Supra.

## II.    ARGUMENT AND CITATION OF AUTHORITY

### A.  **Bill of Costs expenses are recoverable as a prevailing party.**

A copy of the Bill of Costs on behalf of Eason has been filed with the Court, with his Citation of Authorities in support. Doc. 498 The Bill of Costs includes exhibits containing invoices and firm billing statements demonstrating the total amount of $11,636.81 for transcript and copying costs.

### B. **Sanctions are appropriate pursuant to 28 U.S.C. § 1927**

Section 1927 authorizes a district court to impose sanctions against an attorney who unreasonably and vexatiously multiplies the proceedings. The statute states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. The "purpose of § 1927 is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs bear them." Dzwonkowski v. Dzwonkowski, No. CIV.A. 05-0544-KD-C, 2008 U.S. Dist. LEXIS 40536, 2008 WL 2163916, at *21-22 (S.D. Ala. May 16, 2008). "The standard [of bad faith] is an objective one, turning on how a reasonable attorney would have acted under the circumstances rather than on the particular attorney's subjective intent." Alford v. Consol. Gov't of Columbus, Ga., 438 Fed. App'x 837, 841 (11th Cir. 2011).

There are "three essential requirements" for a district court to impose sanctions under § 1927: (1) the attorney must have engaged in unreasonable and vexatious conduct; (2) this conduct must have multiplied the proceedings; and (3) the dollar amount of the sanctions must bear a financial nexus to the excess proceedings in that it may not exceed the costs, expenses,

or attorney's fees incurred because of the conduct. Amlong & Amlong, P.A. v. Denny's Inc., 500 F.3d 1230, 1239 (11th Cir. 2007); McMahan v. Toto, 256 F.3d 1120, 1128 (11th Cir. 2001). Pursuant to § 1927, vexatious and unreasonable conduct is conduct that is "so egregious that it is tantamount to bad faith." Norelus v. Denny's, Inc., 628 F.3d 1270, 1282 (11th Cir. 2010). For a sanctions award to be appropriate, "something more than a lack of merit is required" because § 1927 "was designed to sanction attorneys who willfully abuse the judicial process by conduct tantamount to bad faith." Schwartz v. Million Air, Inc., 341 F.3d 1220, 1225 (11th Cir. 2003). An attorney acts in bad faith for purposes of § 1927 when he "knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." Id.

In the present case, there is a long history of plaintiffs' counsel disregarding Court orders and deadlines which impact defense counsel and the Court, including but not limited to the final communication regarding dismissal of 8 defendants less than 24 hours prior to the start of what was expected to be a weeklong trial in Statesboro. Plaintiffs' counsel failed to submit a timely pretrial order to the Court, and in fact, filed their portion of the pretrial order eleven months after defendants did so. Defendants consolidated and compiled the filings for the Court, not the

plaintiffs. Plaintiffs failed to notify the Court or counsel of the issue of the potential incompetency of one plaintiff until the pretrial conference the Friday before the March 2023 trial was to begin. This caused the trial to again be delayed, impacting the Court, defense counsel and the defendants themselves. Finally, this culminated in the Sunday afternoon communication the day before an out-of-town trial was to begin, that plaintiffs' counsel then—and only then—had made a "strategy" decision to not proceed against eight of the defendants. This impacted the pretrial order, the Court, the jury (which had to await a hearing on the issue), the defendants who appeared for trial (such as Eason), and defense counsel who had travelled to the Court for trial. This decision was made ***15 months after the original pretrial order was submitted to the Court by defendants, eight months after the initial trial setting from October 2022, and after not one, but two pretrial conference appearances***.

    This litany of behavior clearly meets the requirements under §1927 of (1) plaintiffs' counsel engaging in unreasonable and vexatious conduct; and (2) the conduct clearly multiplied the proceedings (in number of versions of the pretrial order, number of pretrial conferences, number of trial settings, number of parties and witnesses and ultimately, number of proceedings and fees incurred by defense counsel that were unnecessary).

As to the third factor--that the dollar amount of the sanctions must bear a financial nexus to the excess proceedings in that it may not exceed the costs, expenses, or attorney's fees incurred because of the conduct—counsel has submitted an affidavit and billing statements that correlate directly with the unreasonable and vexatious conduct. See Affidavit of Annarita L. McGovern and Attachment 1 thereto. Defendant Eason requests that fees and costs incurred from the time of the original filing of the pretrial order be assessed against plaintiffs, for if counsel had submitted a timely pretrial order evaluating the claims, parties, and details of trial—which the pretrial order in federal court is designed to establish— none of the subsequent eleventh hour issues would have arisen and unnecessarily expanded the proceedings. Therefore, the costs and fees on behalf of Eason from March 22, 2022, that have a nexus to the excess proceedings total $37,345.19. See McGovern Affidavit.

In the alternative, defendant requests that all fees and costs for Eason from the time of the initial pretrial conference the Friday before the March 19, 2023, trial setting should be recovered, as it would be unreasonable and vexatious conduct not to determine what parties plaintiffs would proceed against at trial by the Friday before the trial was to begin. The total in costs and fees from the March 16, 2023, pretrial date is $14,921.00. Supra.

### C. Sanctions are authorized pursuant to the inherent authority of the Court.

Sanctions can also be issued pursuant to the court's inherent powers. Under its inherent powers, a court can sanction an attorney and the attorney's law firm for bad faith litigation conduct. See Chambers v. NASCO, Inc., 501 U.S. 32, 43-51, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991); see also, In re Mroz, 65 F.3d 1567, 1576 (11th Cir. 1995) ("there is nothing preventing a federal court from exercising its inherent power to sanction an attorney, a party, or a law firm for their subjective bad faith"); Herard v. ATN Rest., Inc., No. 07-60269-CIV, 2008 U.S. Dist. LEXIS 5217, 2008 WL 123596 (S.D. Fla. Jan. 8, 2008) (awarding fees against plaintiff's law firm in FLSA case under inherent power doctrine). The Supreme Court has held that sanctions in the form of attorney's fees are within a court's inherent power when a party's conduct evidences bad faith and an attempt to perpetrate a fraud on the court. See Chambers, 501 U.S. at 40-46, 51 (affirming an award of $996,644.65 in attorney's fees).

The Eleventh Circuit has explained that "[t]he key to unlocking a court's inherent power is a finding of bad faith." Allapattah Servs., Inc. v. Exxon Corp., 372 F. Supp. 2d 1344, 1373 (S.D. Fla. 2005) (striking defendant's affirmative defenses pursuant to the court's inherent powers). "Bad faith exists when the court finds that a fraud has been practiced upon it, or 'that the very temple of justice has

been defiled,' or where a party or attorney knowingly or recklessly raises a frivolous argument, delays or disrupts the litigation, or hampers the enforcement of a court order." Allapattah, 372 F. Supp. 2d at 1373. The bad faith conduct must be proven by clear and convincing evidence. See Barash v. Kates, 585 F. Supp. 2d 1347, 1365 (S.D. Fla. 2006).

The docket itself in this case clearly and convincingly demonstrates the bad faith of plaintiffs' counsel by repeatedly delaying the entry of a pretrial order, pretrial proceedings and the ultimate trial in this case. Plaintiffs' counsel either intentionally or recklessly disregarded the orders of the Court regarding preparation of and filing the pretrial order, appearing for and being prepared to proceed at pretrial conferences, and timely notifying the Court of substantive issues impacting the ability to proceed with trial. This was all part of a 15-month precursor to the penultimate act by counsel, of delaying the dismissal of parties they did not intend to proceed to trial against until the Sunday afternoon before trial began, with the clear knowledge of the time, cost, and travel that defense counsel and their clients had incurred in order to be prepared and present for the June 12, 2023 trial. Certainly, the pattern of behavior of counsel, disregard for the Court and its orders, unnecessary expansion of proceedings and last minute changes that impacted all involved did nothing less than "defile the temple of

justice," therefore, Defendant Eason requests that the costs and fees laid out above be assessed upon plaintiff's counsel.

   D. **Attorneys' fees and costs subject to sanctions are appropriate, reasonable, and customary**.

Counsel for Eason, having practiced law in Georgia for 25 years, charged the inordinately reasonable rate of $125/hour for time, and charged paralegal time at $50/hour. See Exhibit A, Affidavit of Annarita L. McGovern and Attachment 1. Both the rate and scope of work were reasonable and customary for a civil rights case involving a large number of defendants in preparing for trial. Supra.

Attachment 1 to the Affidavit reflects the invoices for fees and expenses from the time of filing of the original pretrial order on March 16, 2022, totaling $37,345.19. Costs and expenses include travel mileage at the federal reimbursement rate, food, and lodging in order to appear in Statesboro for the initial pretrial conference, Augusta for the second pretrial conference, and Statesboro for the outset of trial. Exhibit 1, ¶5.

Fees from the time of the initial pretrial conference on March 16, 2023--the Friday before trial was to begin—total $14,921.00. Exhibit 1, ¶6. Costs and expenses are essentially the same as those identified from the prior date.

Defendant Eason contends that the failure to comply with the Court's order to submit the original pretrial order in March of 2022 not only violated the Court's

mandates, but also led to the failure to make determinations regarding trial until the eleventh hour, leading to the vexatious and unnecessary expansion of costs for the State of Georgia through its insurer DOAS, which continued to have to compensate three sets of lawyers unnecessarily.

The purpose behind both §1927 and the inherent authority of the court is to prevent behaviors of counsel that unnecessarily expand the scope of proceedings. The clear purpose behind pretrial orders and deadlines in the federal court system is to require parties to review and analyze their cases, witnesses, exhibits and proper parties, well before the trial date. The exceptional 15-month delay between the time when defendants submitted their portion of the pretrial order and when the plaintiffs finally complied with the Court's orders, clearly led to the unnecessary expansion of proceedings, and justifies the award of costs and fees to Eason in this matter.

## II. CONCLUSION

If this Court finds the actions of counsel were sufficiently vexatious to constitute objective bad faith, the award of attorneys' fees and costs pursuant to § 1927 is appropriate. If the Court finds subjective bad faith, sanctions pursuant to the inherent authority of the court is appropriate. See Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1178 (11th Cir. 2005) (noting that the sanctions under the court's

inherent powers requires a finding of subjective bad faith, but § 1927 only requires that if the conduct was not intentionally done in bad faith, it must be objectively as serious as, or equivalent to, bad faith conduct). Wherefore, for the foregoing reasons, Defendant Eason requests an award of costs in the amount $37,345.19 in addition to the $11,636.81 he is entitled to as a prevailing party pursuant to his Bill of Costs. In the alternative, Defendant Eason seeks is $14,921.00 in addition to the $11,636.81 he is entitled to pursuant to his Bill of Costs.

This 28th day of July, 2023.

                                            **FOR DEFENDANT JOSHUA EASON**

                                            s/ Annarita L. McGovern
                                            Annarita L. McGovern
                                            Georgia Bar No. 098141

                                            Satcher & McGovern LLC
                                            125 Stonemist Court
                                            Roswell, GA 30076
                                            Email: amcgovern@satchermcgovernlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

David E. Betts
Mark H. Glidewell
Roger Chalmers
Mario Bernard Williams

This 28th day of July, 2023.

                                                 s/ Annarita L. McGovern
                                                 Annarita L. McGovern