**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

MIGUEL JACKSON and ALEXIAS E.          ✳
STEVERSON, as Legal Guardian           ✳
of KELVIN STEVENSON,                   ✳
                                       ✳
    Plaintiffs,                        ✳
                                       ✳
                                       ✳     CV 612-113
        v.                             ✳
                                       ✳
JOSEPH CATANZARITI, et al.,            ✳
                                       ✳
    Defendants.                        ✳
                                       ✳

---

**O R D E R**

---

Presently pending before the Court are Plaintiff Miguel Jackson's motion for attorney's fees and expert witness fees (Doc. 493); Defendant Joshua Eason's motion for sanctions (Doc. 503); Defendant Derius Attical's motion for attorney's fees (Doc. 504); Defendant Eason's supplemental motion for sanctions (Doc. 538); Defendant Attical's supplemental motion for attorney's fees (Doc. 539); Defendants Joseph Catanzariti, Caleb Harrison, Timothy Simmons, Sheldon Deloach, Michael Deloach, Jarrod Bennett, and Gordon Pittman (collectively, the "Officer Defendants") motion for attorney's fees (Doc. 540); and Plaintiffs' motion for leave to file a late response (Doc. 541). The Court considers the motions in turn.

## I. BACKGROUND

Three judgments were entered in this case on June 28, 2023 pursuant to a jury verdict, directed verdict, and another Order from the Court.  (Docs. 490, 491, 492.)  The judgments ordered:

> [I]n accordance with the verdict entered on June 15, 2023, JUDGMENT is hereby entered in favor of Plaintiff Miguel Jackson against Defendant Joseph Catanzariti for the sum of One and 00/100 Dollars ($1.00) plus interest at the applicable legal rale from the date of judgment for failure to intervene, and costs are assessed against Defendant Joseph Catanzariti, to be taxed by the Clerk of Court.
>
> Further, JUDGMENT is hereby entered in favor of Defendant Joseph Catanzariti, and against Plaintiff Miguel Jackson, as to the alleged excessive force claim, so Plaintiff Miguel Jackson shall take nothing more from Defendant Joseph Catanzariti.
>
> As to Plaintiff Kelvin Stevenson, JUDGMENT is hereby entered in favor of Defendant Joseph Catanzariti and Defendant Caleb Harrison, and against Plaintiff Kelvin Stevenson, as to all claims against them. Plaintiff Kelvin Stevenson shall take nothing, and costs are hereby assessed against Plaintiff Kelvin Stevenson, to be taxed by the Clerk of Court.

(Doc. 490, at 1.)

> [I]n accordance with the Court's ruling of a directed verdict on June 13, 2023, JUDGMENT is hereby entered in favor of Defendant Caleb Harrison, and against Plaintiff Miguel Jackson. Plaintiff Miguel Jackson shall take nothing, and costs are hereby assessed against Plaintiff Miguel Jackson, to be taxed by the Clerk of Court.

(Doc. 491, at 1.)

> [I]n accordance with the Court's findings on June 12, 2023, JUDGMENT is hereby entered in favor of Defendant Jarrod Bennett, and against Plaintiff Kelvin Stevenson and Plaintiff Miguel Jackson, as to a claim for failure to intervene inside the D2 dormitory.

2

JUDGMENT is hereby entered in favor of Defendant Gordon Pittman and against Plaintiff Kelvin Stevenson and Plaintiff Miguel Jackson, as to claims for excessive force and failure to intervene outside the D2 dormitory.

JUDGMENT is hereby entered in favor of Defendant Joshua Eason, and against Plaintiffs Kelvin Stevenson and Plaintiff Miguel Jackson, as to a claim for failure to intervene outside the D2 dormitory, and in favor of Defendant Joshua Eason, and against Plaintiff Miguel Jackson, as to a claim for excessive force outside the D2 dormitory.

JUDGMENT is hereby entered in favor of Derius Attical, and against Plaintiff Kelvin Stevenson as to a claim for excessive force inside the D2 dormitory, and as to a claim for failure to intervene outside the D2 dormitory. Further, JUDGMENT is hereby entered in favor of Derius Attical . . . and against Plaintiff Miguel Jackson, as to claims for excessive force and failure to intervene outside the D2 dormitory.

JUDGMENT is hereby entered in favor of Sheldon Deloach, Michael Deloach, and Timothy Simmons, and against Plaintiff Kelvin Stevenson and Plaintiff Miguel Jackson.

Plaintiffs Kelvin Stevenson and Miguel Jackson shall take nothing from the above-notated Defendants, and costs are hereby assessed against the Plaintiffs, to be taxed by the Clerk of Court.

(Doc. 492, at 1-2.) Pursuant to these judgments, numerous motions for attorney's fees and sanctions have been filed. The Court considers them in turn.

The Court notes that on the morning of trial, just before jury selection began, Plaintiffs moved to dismiss seven Defendants. (Doc. 470, at 1; Doc. 533, at 2-3.) The Court granted the motion under Rule 41(a)(2) and imposed judgment in favor of the seven Defendants, leaving Defendants Catanzariti and Harrison

3

as the only remaining Defendants for trial. (Doc. 533, at 3.) The Court deferred the question of costs and sanctions for a later time. (Id.; Doc. 470, at 1.) Plaintiffs appealed the Court's decision regarding dismissal of the seven Defendants, arguing they withdrew their motion for voluntary dismissal after defense counsel raised the specter of costs and sanctions. (Doc. 533, at 4.) The Eleventh Circuit found the Court "acted within its considerable discretion under Rule 41(a)(2) in taking the Plaintiffs at their word, granting their motion to dismiss, rendering judgment, and reserving for a later time whether to impose costs or any other curative consideration." (Id. at 16.) As such, the Court's dismissal was proper, and it considers the relevant Parties' motions for sanctions and fees below.

## II. DISCUSSION

Preliminarily, the Court **GRANTS** Plaintiffs' motion for leave to file a late response. (Doc. 541.) The Court considers Plaintiffs' late filed response (Doc. 541-2) in its rulings herein. The Court considers the remaining motions in turn.

### A. Plaintiff Jackson's Motion for Attorney's Fees and Expert Witness Fees (Doc. 493)

Plaintiff Jackson moves for attorney's fees under 42 U.S.C. § 1988 because he obtained a favorable judgment for violation of his constitutional rights. (Doc. 493, at 1.) In accordance with

4

the jury verdict, he moves pursuant to the judgment entered in his favor and against Defendant Catanzariti for a total of $350,000 in fees. (Id. at 1-2.) He files no evidence to support his requested amount of fees.

In response, Defendant Catanzariti argues Plaintiff Jackson's fee recovery is limited by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997(e), to 150% of the judgment, less 25% of the judgment which he must contribute to the fees. (Doc. 501, at 2.) As such, he is limited to a fee recovery of $1.25. (Id. at 4.) Plaintiff Jackson did not reply.

Pursuant to the jury verdict, judgment was entered in favor of Plaintiff Jackson against Defendant Catanzariti for $1.00 plus interest for failure to intervene, and costs were assessed against Defendant Catanzariti, to be taxed by the Clerk of Court. (Doc. 490, at 1.) 42 U.S.C. § 1988 provides:

> **(b) Attorney's fees**
> In any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.
>
> **(c) Expert fees**
> In awarding an attorney's fee under subsection (b) in any action or proceeding to enforce a provision of section 1981 or 1981a of this title, the court, in its

discretion, may include expert fees as part of the attorney's fee.

But for prisoner cases, the PLRA limits the recovery of attorney's fees. See Thompson v. Smith, 805 F. App'x 893, 906 (11th Cir. 2020). The PLRA limits attorney's fees recovered in § 1983 cases by providing:

> Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.

42 U.S.C. § 1997e(d)(2). "The Supreme Court has interpreted this provision to require a district court to award the first 25% of a prisoner's judgment towards the payment of his attorney's fees." Thompson, 805 F. App'x at 906 (citing Murphy v. Smith, 583 U.S. 220, 222-23 (2018)). "By its terms, the statute unambiguously permits imposing liability for an award of attorney's fees on defendants only for a total fee amount that does not exceed 150% of the judgment, with the first 25% of the fee amount to be furnished from the plaintiff's judgment." Id. at 907.

Following this, Plaintiff Jackson is entitled to 150% of the judgment, less 25% of the judgment that he must contribute to payment of his attorney fees. Since the judgment for him was $1.00, he is limited to recovery of $1.25. Although Plaintiff Jackson failed to provide any support for his requested attorney's

6

fees of $350,000.00, the Court finds Plaintiff Jackson's motion (Doc. 493) is **GRANTED IN PART AND DENIED IN PART** given the minimal nature of the recovery. Plaintiff Jackson is entitled to attorney's fees in a total of $1.25, and his motion is denied for any additional amounts requested.

## B. Defendant Eason's Motions for Sanctions (Docs. 503, 538)

Defendant Eason filed a motion for sanctions on July 28, 2023 and then a supplemental motion on January 30, 2026 after the Eleventh Circuit affirmed the appeal of the case. (Docs. 503, 538.) Defendant Eason moves under 28 U.S.C. § 1927 and the Court's inherent authority for attorney's fees and costs in the amount of $14,921.00 as a sanction for the bad faith of Plaintiffs' counsel, plus his bill of costs. (Doc. 503, at 1-2.) In his supplemental motion, he requests additional costs for appeal and preparation of the sanctions motion, seeking $62,061.75 if the Court imposes sanctions from March 22, 2022, and $39,637.56 if this Court imposes sanctions from March 16, 2023. (Doc. 538-1, at 19.)

Plaintiffs responded to the various sanctions motions together, arguing they should be denied because the Eleventh Circuit declined to characterize counsel's conduct as bad faith, the record does not establish Plaintiffs' counsel "multiplied proceedings," and Defendants' claimed fees are not causally connected to any alleged misconduct and include routine trial preparation work that would have been incurred regardless. (Doc.

7

541-2, at 2-3.)  In reply, Defendant Eason adopts the arguments of the Officer Defendants and argues that Plaintiffs delayed the trial in numerous ways, thus multiplying the proceedings within the meaning of § 1927.  (Doc. 547, at 1-2.)

First, judgment was entered for Defendant Eason and against Plaintiffs for failure to intervene outside the D2 dormitory, and against Plaintiff Jackson for excessive force outside the D2 dormitory.  (Doc. 492, at 1.)  Pursuant to these findings, costs were assessed against the Plaintiffs.  (Id. at 2.)  Thus, Defendant Eason is entitled to his bill of costs as submitted to the Court, to which no objections have been filed.  (Doc. 498.)  The **CLERK** is **DIRECTED** to tax costs as requested by Defendant Eason.

Turning to sanctions, § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  For an award under § 1927 to be proper, "an attorney must engage in unreasonable and vexatious conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct."  Peer v. Lewis, 606 F.3d 1306, 1314 (11th Cir. 2010) (citation omitted) (internal quotation marks omitted).  This standard is met "only when the attorney's conduct is so egregious

8

that it is tantamount to bad faith [,]" which "is an objective standard that is satisfied when an attorney knowingly or recklessly pursues a frivolous claim." Id. (citations omitted) (internal quotation marks omitted). "[A]n attorney multiplies proceedings 'unreasonably and vexatiously' within the meaning of the statute only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1239 (11th Cir. 2007) (citation omitted). "[B]ad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct." Id. "[T]he district court must compare the attorney's conduct against the conduct of a 'reasonable' attorney and make a judgment about whether the conduct was acceptable according to some objective standard. The term 'vexatiously' similarly requires an evaluation of the attorney's objective conduct." Id. at 1239-40 (citations omitted).

Defendant Eason argues Plaintiffs delayed their portion of the consolidated pretrial order for eleven months; raised a competency issue the Friday before trial was scheduled to begin, causing a continuance; and then less than 24 hours before trial began, informed counsel of their intent to dismiss several Defendants, including Defendant Eason. (Doc. 547, at 2.) Defendant Eason asserts this conduct compelled multiple, duplicative rounds of trial preparation, unnecessary travel, and needless expense, and Plaintiffs' actions multiplied the

9

proceedings within the meaning of § 1927. (Id.) Defendant Eason represents his requested fees only represent those directly attributable to the misconduct, including repeated trial-preparation cycles, travel for abandoned settings, appellate work with Plaintiffs' attempt to undo judgments, and preparation of sanctions papers. (Id.)

The Court finds Plaintiffs' counsel's conduct warrants an award of sanctions under § 1927. Plaintiffs delayed trial on more than one occasion, including on the morning of trial by raising their motion to dismiss the seven Defendants at the eleventh hour. This left a pool of potential jurors waiting as the Court took up Plaintiffs' motion, which they then tried to take back when realizing the potential consequences of costs and sanctions. The Court had already held a pretrial conference just ten days before where issues such as this could have and should have been raised. (Doc. 469.) The Court finds Plaintiffs abused the court processes and the time of defense counsel by waiting until the eve of trial, thus multiplying the proceedings these dismissed Defendants were required to be a part of. See Malautea v. Suzuki Motor Corp., 148 F.R.D. 362, 372 (S.D. Ga. 1991), aff'd sub nom. Malautea v. Suzuki Motor Co., 987 F.2d 1536 (11th Cir. 1993) ("[Section 1927] is concerned only with limiting the abuse of court processes." (quoting Roadway Express v. Piper, 447 U.S. 752, 762 (1980)). The Court notes that this is an objective inquiry, and not a finding

10

of subjective bad faith by Plaintiffs' counsel.  See Amlong, 500 F.3d at 1239.  The Court finds a reasonable attorney under these circumstances would have been more prepared for trial, and would have attended the pretrial conference on March 16, 2023, originally scheduled three days before trial was set to begin, with a plan for trial strategy, including an idea that seven of the Defendants were not worth pursuing a claim against.  Even so, a reasonable attorney would certainly have had an idea of this strategy by the second pretrial conference, rescheduled for ten days before trial began in June.  With these findings, the Court turns to Defendant Eason's requested sanctions.

Defendant Eason seeks two alternative amounts – one calculated from March 22, 2022, the time of filing the initial pretrial order, and another calculated from March 16, 2023, the first pretrial conference.  (Doc. 503-1, at 7, 11.)  The Court finds Plaintiffs' counsel waited until June 11, 2023, the eve of trial, to analyze the case and decide a trial strategy.  The Court finds this approach certainly multiplied the proceedings because, had counsel been prepared during the pretrial conference on March 16, 2023, the seven Defendants could have been dismissed at that time.  As such, the Court finds Defendant Eason's sanctions calculation from March 16, 2023 to be appropriate.

Defendant Eason's counsel, Annarita McGovern, charged rates of $125.00/hour for her time and $50.00/hour for her paralegal's

11

time. (Id. at 14.) The Court finds these rates reasonable for the Statesboro legal market. Attorney McGovern provided an affidavit and itemized billing records of her expenses from the March 16, 2023 pretrial conference to the filing of the motion, totaling $14,921.00. (Doc. 503-2, at 3; Doc. 503-3, at 33-34, 36-38, 40-43.) The costs and expenses include travel, food, and lodging for the first pretrial conference in Statesboro, for the second pretrial conference in Augusta, and for the start of trial in Statesboro, along with all of the hours spent preparing for trial, drafting and reviewing documents, and other trial preparation matters. (Doc. 503-2, at 3.) The Court finds the requested fees reasonable from the March 16, 2023 pretrial conference, totaling $14,921.00.

After the appeal in this matter, Defendant Eason filed a supplemental motion for sanctions, seeking fees and expenses associated in defending the appeal and filing the supplemental motion for sanctions. (Doc. 538; Doc. 538-1, at 8.) He now seeks a total of $39,637.56 from the March 16, 2023 date. (Doc. 538-1, at 8.) The Eleventh Circuit took up the issue of the dismissal on appeal, as outlined above, and while Plaintiffs were not successful on appeal, the Court finds there is nothing in the record to find the appeal was frivolous or instituted in bad faith. Using its inherent authority, the Court finds fees spent on the appeal are an unnecessary sanction, as its findings pertain to Plaintiffs'

12

counsels' conduct from March 16, 2023 to and including June 12, 2023. As such, Defendant Eason's supplemental motion for sanctions is **DENIED**.

Based on the foregoing, Defendant Eason's motion for sanctions (Doc. 503) is **GRANTED IN PART**, and sanctions are awarded in the amount of $14,921.00 against Plaintiffs' counsel, and Defendant Eason's supplemental motion for sanctions (Doc. 538) is **DENIED**. Further, the **CLERK** is **DIRECTED** to tax costs as requested by Defendant Eason in his bill of costs (Doc. 498).

## C. Defendant Attical's Motions for Attorney's Fees (Doc. 504, 539)

Defendant Attical filed a motion for attorney's fees on July 28, 2023, and then a supplemental motion on January 30, 2026, after the Eleventh Circuit affirmed the appeal of the case. (Docs. 504, 539.) Defendant Attical moves under 28 U.S.C. § 1927 for attorney's fees and costs from the time incurred after Plaintiffs should have dismissed him. (Doc. 504, at 3.) He seeks an award of $13,439.89. (Id.) In his supplemental motion, he seeks an award of $19,680.82, with the additional fees imposed from defending the appeal. (Doc. 539, at 3, 24-25.) Plaintiffs' consolidated response makes the same arguments outlined above. (Doc. 541-2, at 2-3.)

For the same reasons the Court stated above, an award of sanctions is warranted for Defendant Attical, as he was another Defendant dismissed at the eleventh hour. Defendant Attical's

counsel, Mark Glidewell, represents that on two occasions, he specifically requested Plaintiffs dismiss Defendant Attical from the suit, and he seeks recovery for fees incurred after these requests were made.  (Doc. 504, at 6-7.)  He charged a rate of $125.00/hour, which the Court finds as reasonable for the Statesboro legal market.  (Id. at 7.)  Attorney Glidewell provided an affidavit and itemized billing records of his expenses from the August 23, 2022 meeting with counsel until the dismissal of Defendant Attical on the first day of trial.  (Id.; see Doc. 504-1, at 1-10.)  The Court finds the requested fees reasonable from the August 23, 2022 meeting with Plaintiffs' counsel in Atlanta, totaling $13,439.89.  After the appeal, Defendant Attical filed a supplemental motion, seeking additional fees from defending the appeal of this matter.  For the same reasons stated above, the Court finds no basis to award additional fees for the appeal. Thus, Defendant Attical's supplemental motion is denied.

Judgment was entered for Defendant Attical and against Plaintiff Stevenson for excessive force inside the D2 dormitory, and against Plaintiff Jackson for excessive force and failure to intervene outside the D2 dormitory.  (Doc. 492, at 1.)  Pursuant to these findings, costs were assessed against the Plaintiffs. (Id. at 2.)  Thus, Defendant Attical is entitled to his bill of costs as submitted to the Court, to which no objections have been filed.  (Doc. 499.)

Based on the foregoing, the **CLERK** is **DIRECTED** to tax costs as requested by Defendant Attical (Doc. 499), Defendant Attical's motion for attorney's fees (Doc. 504) is **GRANTED**, and attorney's fees are awarded in the amount of $13,439.89 as a sanction against Plaintiffs' counsel, and Defendant Attical's supplemental motion for attorney's fees (Doc. 539) is **DENIED**.

**D. The Officer Defendants' Motion for Attorney's Fees (Doc. 540)**

Finally, the Officer Defendants move for excess fees incurred due to Plaintiffs' counsel's conduct leading up to the June 12, 2023 trial in this matter. (Doc. 540, at 1.) They seek fees in the amount of $44,590.66. (Id.) The Officer Defendants represent "excess attorneys' fees" were "incurred by the repeated failure and refusal of Plaintiffs' counsel to meaningfully engage in the pretrial conferral and submission process from September 2021 to the date of the trial which ultimately commenced on June 12, 2023." (Id. at 7.) They do not seek recovery for this entire time period, but only for fees incurred to prepare for trial a fourth time from March 16, 2023 to June 11, 2023, and fees incurred after trial to present to defend the appeal. (Id.) The Officer Defendants represent the total fees for these periods is $56,039.20, but they omitted some of the fees billed during the appeal stage, as well as a 15% reduction overall. (Id. at 8.) The total of the fees sought is $44,590.66. (Id.)

15

For the same reasons outlined above, the Court finds an award of sanctions is warranted for the Officer Defendants, many of whom were dismissed with Defendants Eason and Attical on the morning of trial. Even the Officer Defendants who proceeded to trial were still victim to Plaintiffs' counsel's antics leading up to trial and represent Plaintiffs' counsel repeatedly failed and refused to meaningfully engage in pretrial conferral and submission, which led to many of the delays and continuances in the case. (Doc 540-1, at 4.) This is further evidence of Plaintiffs' counsel multiplying the proceedings as the Court has already found. Thus, the Court turns to the appropriate calculation for the Officer Defendants.

Counsel for the Officer Defendants, Robert Chalmers, represents his rate is $120.00/hour for attorneys and $60.00/hour for paralegals, which the Court again finds is reasonable in the Statesboro legal market. (Id. at 2.) While the Officer Defendants seek $44,590.66 of the total fees, they fail to distinguish what amount was incurred to prepare for trial a fourth time and to defend the appeal. (Id.) Despite Attorney Chalmers cutting the bills, the Court requires additional information as it has found for the other Defendants that fees spent on the appeal are not recoverable as sanctions herein. The Officer Defendants have already cut their billing records using their business judgment, so the Court finds the most equitable approach is to have them

16

submit a revised motion in accordance with the Court's findings herein, with a newly calculated total that excludes the fees spent on appeal. Thus, the Court can analyze the reasonableness of the fees as presented by Attorney Chalmers, instead of attempting to decern which hours the Officer Defendants may seek recovery for.

Additionally, judgment was entered for Defendants Catanzariti, Harrison, Bennett, Pittman, Deloach, Deloach, and Simmons, and costs were assessed against the Plaintiffs. (Doc. 490, at 1; Doc. 491, at 1; Doc. 492, at 1-2.) Thus, the Officer Defendants are entitled to the bill of costs as submitted to the Court, to which no objections have been filed. (Doc. 500.)

Based on the foregoing, the **CLERK** is **DIRECTED** to tax costs as requested by the Officer Defendants (Doc. 500) and the Officer Defendants' motion for attorney's fees (Doc. 540) is **GRANTED IN PART AND DENIED IN PART.** Attorney's fees are awarded as a sanction against Plaintiffs' counsel; however, the total will be determined upon the Officer Defendants' submission of a revised billing sheet outlining fees incurred excluding the time spent on appeal.

### III. CONCLUSION

Based on the foregoing, Plaintiff Jackson's motion for attorney's fees and expert witness fees (Doc. 493) is **GRANTED IN PART AND DENIED IN PART,** and Plaintiff Jackson is entitled to attorney's fees in a total of $1.25; Defendant Eason's motion for

sanctions (Doc. 503) is **GRANTED**, and sanctions are awarded in the amount of $14,921.00 against Plaintiffs' counsel; Defendant Attical's motion for attorney's fees (Doc. 504) is **GRANTED**, and sanctions are awarded in the amount of $13,439.89 against Plaintiffs' counsel; Defendant Eason's supplemental motion for sanctions (Doc. 538) is **DENIED**; Defendant Attical's supplemental motion for attorney's fees (Doc. 539) is **DENIED**; the Officer Defendants' motion for attorney's fees (Doc. 540) is **GRANTED IN PART AND DENIED IN PART**; and Plaintiffs' motion for leave to file a late response (Doc. 541) is **GRANTED**.

Further, the **CLERK** is **DIRECTED** to tax costs as requested in the pending bill of costs (Docs. 498, 499, 500, 502). The Officer Defendants **SHALL FILE** a revised request for fees in accordance with the Court's findings herein within **TWENTY-ONE (21) DAYS**. This case stands **CLOSED**.

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of March, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

18