IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

MIGUEL JACKSON and ALEXIAS E.
STEVERSON, as Legal Guardian
of KELVIN STEVENSON,

    Plaintiffs,

    v.

JOSEPH CATANZARITI, et al.,

    Defendants.

APR 17 2026

FILED

CV 612-113

## O R D E R

Presently pending before the Court is Defendants Joseph Catanzariti, Caleb Harrison, Timothy Simmons, Sheldon Deloach, Michael Deloach, Jarrod Bennett, and Gordon Pittman (collectively, the "Officer Defendants") notice of filing supplement to motion for attorney's fees construed as a revised motion for attorney's fees. (Doc. 553.) For the following reasons, the Officer Defendants' motion is **GRANTED**.

## I. DISCUSSION

The Officer Defendants originally moved under 28 U.S.C. § 1927 and the Court's inherent authority for attorney's fees and costs in the amount of $44,590.66 as a sanction for the bad faith of Plaintiffs' counsel. (Doc. 540, at 1, 5, 7.) The Court found that an award of sanctions was warranted, but the fees for the

appeal should be excluded, and the Officer Defendants failed to distinguish the fee amounts incurred to prepare for trial and to defend the appeal.  (Doc. 548, at 16.)  The Court requested the Officer Defendants file a revised motion "with a newly calculated total that excludes the fees spent on appeal."  (Id. at 17.)  In their revised motion, the Officer Defendants removed the fees incurred to defend the appeal and prepare the sanctions motion such that the requested fees now total $16,840.20 (Doc. 553, at 1; Doc. 553-1, at 1-2.)

As to sanctions, § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  For an award under § 1927 to be proper, "an attorney must engage in unreasonable and vexatious conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct."  Peer v. Lewis, 606 F.3d 1306, 1314 (11th Cir. 2010) (citation omitted) (internal quotation marks omitted).  This standard is met "only when the attorney's conduct is so egregious that it is tantamount to bad faith[,]" which "is an objective standard that is satisfied when an attorney knowingly or recklessly

2

pursues a frivolous claim." Id. (citations omitted) (internal quotation marks omitted).

The Court previously found Plaintiffs' counsel's conduct warranted an award of sanctions under § 1927 because Plaintiffs delayed trial multiple times, including on the morning of trial, by raising their motion to dismiss seven Defendants at the eleventh hour. (Doc. 548, at 10.) The Court stated that Plaintiffs "abused the court processes and the time of defense counsel" by multiplying the proceedings the Officer Defendants were required to partake in. (Id. at 10, 16); see Malautea v. Suzuki Motor Corp., 148 F.R.D. 362, 372 (S.D. Ga. 1991), aff'd sub nom. Malautea v. Suzuki Motor Co., 987 F.2d 1536 (11th Cir. 1993) ("[Section 1927] is concerned only with limiting the abuse of court processes." (quoting Roadway Express v. Piper, 447 U.S. 752, 762 (1980)). With these findings, the Court turns to the appropriate fee calculation for the Officer Defendants.

The Officer Defendants filed a revised motion in accordance with the Court's findings containing a calculated total of $16,840.20 that excludes the fees incurred on appeal. (Doc. 553, at 1.) Counsel for the Officer Defendants, Robert Chalmers, represents his rate is $120.00/hour for attorneys and $60.00/hour for paralegals, which the Court previously found is reasonable in the Statesboro legal market. (Doc. 548, at 16.) Attorney Chalmers submits the appeal and sanctions motion preparation time entries

3

total $39,459.40 of the $56,299.60 in overall fees, calculating the difference as the newly requested $16,840.20. (Doc. 553-1, at 1-2.) The Court has reviewed the relevant billing statements as well as Attorney Chalmers' calculation and determines that the reduced amount of fees is reasonable. (Id.; Doc. 540-2, at 2-15.)

Based on the foregoing, the Officer Defendants' notice of filing supplement, construed as a revised motion for attorney's fees (Doc. 553), is **GRANTED**. Attorney's fees are awarded as a sanction against Plaintiffs' counsel in the amount of $16,840.20 based upon the Officer Defendants' submission of a revised billing calculation outlining fees incurred excluding the time spent on appeal.

## II. CONCLUSION

Based on the above, the Officer Defendants' revised motion for attorney's fees (Doc. 553) is **GRANTED**, and sanctions are awarded in the amount of $16,840.20 against Plaintiffs' counsel.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of April, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

4